Alvin B. JACKSON *v.* STATE of Arkansas

CR 96-836                                954 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered October 9, 1997
[Petition for rehearing denied November 6, 1997.]

*Bynum & Kizer*, by:  *Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by:  *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Alvin Jackson was serving a life sentence without parole in prison for one count of capital murder and two counts of attempted murder when he stabbed a prison guard to death. In this appeal, Jackson does not challenge the sufficiency of the State's evidence leading to his capital murder conviction for killing the guard, but he raises five other points for reversal. We consider each point in the order presented in his brief.

■ Jackson first contends that the State unconstitutionally exercised two of its challenges when striking two black persons, Arlene Camp and Carl McCraney. He relies on *Batson v. Kentucky*, 476 U.S. 79 (1986), where the Court held that the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on the basis of race. In determining whether such a violation has occurred, we apply a three-step analysis. First, the defendant must make a prima facie case that racial discrimination is the basis for excluding the juror. Second, if the court concludes that the defendant has made this showing, the State must provide a racially-neutral explanation for striking the juror. The trial court must then determine from all the relevant circumstances the sufficiency of the offered explanation. Third, if the court is not satisfied with the State's explanation, it must conduct a sensitivity inquiry, and the defendant must explain how the State's racially-neutral explanation is merely a pretext. *Roseby v. State*, 329 Ark. 554, ___ S.W.2d ___ (1997).

■ The first of the three-step analysis above requires us to determine whether Jackson proved a prima facie case of discrimination which may be established by (1) showing that the totality of the relevant facts give rise to an inference of discriminatory purpose, (2) demonstrating total or seriously disproportional exclusion of blacks from the jury, or (3) showing a pattern of strikes, questions or statements by a prosecuting attorney during voir dire. *Mitchell v. State*, 323 Ark. 116, 913 S.W.2d 264 (1996).

■ In the present case, Jackson made no effort to show a disproportionate exclusion of blacks from the jury, nor did he show a pattern of strikes evidencing a discriminatory purpose. In fact, two black males were seated on the jury, and as this court has

previously stated, the best answer the State can have to a charge of discrimination is to point to a jury which has black members. *Id.*; *see also Roseby*, 329 Ark. at 562. In this respect, we also note that, while the State was entitled to ten peremptory challenges, it used only six. Additionally, Jackson presented no evidence that the prosecutor made any racial statements or asked any racial questions. In sum, Jackson failed to show a prima facie case.

Even if Jackson had shown a prima facie case, the State's explanations for challenging Camp and McCraney were racially neutral, and the circuit court was well within its discretion to deny the *Batson* challenge. Ms. Camp, for example, had an ex-husband who had been charged with past crimes by the same prosecutor who was prosecuting this case. More pertinent, Ms. Camp, too, had been in the prosecutor's office in connection with past serious crimes. While Jackson complains that the prosecutor's "information was not gathered from questioning Ms. Camp," he cites no authority such information must be furnished by the challenged juror. To the contrary, it is accepted practice for the prosecution as well as the defense to undertake a pretrial investigation of prospective jurors. *See* WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 21.3, at 724 (1984).

██ Jackson's argument concerning the State's peremptory challenge of Mr. McCraney also must fail. When defense counsel raised a *Batson* objection to the State's use of a peremptory challenge to venireman McCraney, the prosecutor explained that he had previously prosecuted McCraney's nephew and the prosecutor's information was that the nephew lived with McCraney. The State added that McCraney was also evasive when asked his opinion about the death penalty. Defense counsel's only rejoinder questioned whether the prosecutor gathered information concerning Mr. McCraney "outside the courtroom" and argued venireman McCraney was no different than white venireperson Ms. Krank who had a nephew who had been previously prosecuted. Again, it is difficult to understand the relevance of Jackson's argument regarding where the State "gathered its information," but the trial judge very clearly pointed out the difference in Ms. Krank's situation from that of McCraney's, stating Krank's nephew had been prosecuted by another prosecutor in a

different circuit. In sum, Jackson failed in showing a prima facie case, but even if he had, the State gave racially neutral explanations for its striking both Camp and McCraney. Once again, we point out that the record reflects the jury contained two black members and the State had exhausted only six of its ten peremptory challenges. Given the proof and record before us, the trial court's ruling on the *Batson* issue was unquestionably correct. *See Cleveland v. State*, 326 Ark. 46, 930 S.W.2d 316 (1996).

■ Jackson next asks the court to reconsider its decision in *Kemp v. State*, 324 Ark. 17, 919 S.W.2d 943 (1996), cert. denied, 117 S.Ct. 436 (1996), where this court held the introduction of victim impact evidence is not a deprivation of a defendant's right of due process. Specifically, he argues on appeal that Ark. Code Ann. § 5-4-602(4) (Repl. 1994), a procedural statute, created a new aggravating circumstance, which he contends violates the Due Process Clause. Also, he claims it denies his due process rights because the statute represents a wholesale departure without guidelines from the normal sentencing scheme which permits aggravating factors to be weighed against mitigating factors. For whatever reason, the trial court was never asked to rule on these arguments. Thus, because these arguments are not preserved on appeal, we do not consider or discuss them. *Nichols v. State*, 328 Ark. 339, 994 S.W.2d 83 (1997).

■ In his third point, Jackson argues that the sentencing provisions in Ark. Code Ann. § 5-4-603 (Repl. 1994) are unconstitutional because they prohibit the jury from exercising mercy, and therefore amount to a mandatory death penalty. This identical argument was made in *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995), cert. denied, 116 S.Ct. 1436 (1996), and the court rejected it. We need not address it again.

■ Jackson's fourth point asserts the trial court erred when it refused to prohibit the State from seeking the death penalty. Jackson claims that the State has historically imposed the death penalty in a racially discriminatory manner against blacks who kill whites. While he refers to a Stanford law review article when arguing this point, Jackson presented *no* evidence showing racial

considerations had played a part in his sentence.[1] The Supreme Court and this court have held that for such an argument to prevail under the Equal Protection Clause, the defendant must prove that the decisionmakers in his case acted with discriminatory purpose. *See McCleskey v. Kemp*, 481 U.S. 279 (1987); *Nooner*, 322 Ark. 87, 907 S.W.2d 677.

Finally, Jackson contends the trial court erred by allowing the State to utilize two aggravating circumstances during sentencing. He claims these aggravating factors, Ark. Code Ann. § 5-4-604(1) and (3) (Repl. 1993), were duplications and were unconstitutional "double counting" awry of the eighth amendment. In brief, Jackson's objection was the State should not be permitted to prove two aggravating circumstances with the same evidence. The two provisions and aggravating factors at issue read as follows:

> (1) The capital murder was committed by a person imprisoned as a result of a felony conviction.

> * * *

> (3) The person previously committed another felony, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person.

The trial court denied Jackson's argument, reasoning that the legislature intended to cover two separate aggravating factors by the above provisions, one, the evidence showed Jackson had a prior violent criminal history, and two, the proof also showed he was a prison inmate. The trial court was correct.

Terry Campbell, warden at the maximum security unit, testified that Jackson was incarcerated there on November 29, 1995, the day that he murdered the guard. Mr. Campbell also testified that, at the time of the murder, Jackson was serving sentences for one count of capital murder and two counts of attempted capital murder. The State introduced copies of the judgment and commitment orders showing that Jackson had committed these crimes.

---

[1] Gross and Mauro, *Patterns of Death, An Analysis of Racial Disparities in Capital Sentencing and Homicide Victimization*, 37 Stan. L. Rev. 27 (1984).

From this evidence, the jury found that the State proved both aggravating factors showing two separate aspects of Jackson's criminal history beyond a reasonable doubt.

Jackson urges this court to adopt the holding in *Collins v. Lockhart*, 754 F.2d 258 (1985), where the Eighth Circuit found that an aggravating circumstance that duplicates an element of a crime is in violation of the eighth amendment. We fail to see the ruling in *Collins* as applicable here. Nevertheless, *Collins* was over-ruled in *Perry v. Lockhart*, 871 F.2d 1384 (8th Cir. 1989), based upon the U. S. Supreme Court's decision in *Lowenfield v. Phelps*, 484 U.S. 231 (1988). Therefore, *Collins* is no longer good law.

■ Our decision appears in line with other states that have dealt with this precise issue. For example, appellate courts in North Carolina, Oklahoma, and Florida have found that the aggravating factors of being under sentence of imprisonment and being previously convicted of another felony involving violence do not cover the same aspect of the defendant's criminal history. *State v. Rich*, 484 S.E.2d 394 (N.C. 1997); *Green v. State*, 713 P.2d 1032 (Okl. Cr. 1985); and *Delap v. State*, 440 So.2d 1242 (Fla. 1983). In *Delap*, the court reasoned that the defendant could be under a sentence of imprisonment without having been convicted of a felony involving violence. *Id.* at 1256. Conversely, a defendant could be convicted of a felony involving violence without being under a sentence of imprisonment. *Id.* In short, those aggravating circumstances are exclusive of each other, and including them both in the weighing process does not constitute a doubling of aggravating circumstances. *Id.* Accordingly, for the reasons above, we reject Jackson's "double-counting" argument.

Pursuant to Ark. Sup. Ct. R. 4-3(h), the record has been examined in its entirety and no other rulings adverse to Mr. Jackson involving prejudicial error were found. We affirm.