Kenneth Thomas TRIMBLE *v.* STATE of Arkansas

CR 97-764                                          986 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered February 18, 1999

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

P ER CURIAM. Kenneth Thomas Trimble was convicted of capital murder and sentenced to a term of life imprisonment without possibility of parole. We affirmed the conviction and sentence in *Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994). Trimble subsequently filed a petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. After a hearing, the Circuit Court of Saline County denied relief. Trim-

ble now appeals the denial of postconviction relief as well as the denial of his motion for the recusal of the circuit judge from his postconviction hearing. We find no merit to the appeal and affirm.

Trimble's arguments for postconviction relief rely substantially on the same facts as the issues he raised in his direct appeal. For that reason, we now reiterate those facts. Raymond Jacobs raised hunting dogs at his home in Benton. On April 28, 1992, Young delivered four or five dogs to Jacobs, and Jacobs's records indicate that Young sold the dogs to him. On the evening of May 8, 1992, Jacobs's body was found in his barn at his residence. He had been stabbed multiple times with a pitchfork and bludgeoned with a hammer. Several of his dogs were missing.

Deputies from the Saline County Sheriff's Department eventually developed Young and Trimble as suspects in the murder. Pursuant to a grant of immunity, Young gave a statement about events surrounding Jacobs's murder and stated that it was Trimble who killed Jacobs. Afterwards, Young took investigators to various locations in North Central Arkansas to recover physical evidence which included the blood-stained clothing of Young and Trimble, the collars of the stolen dogs, and the hammer used in the slaying. Young told investigators that he and Trimble purchased new clothing at a Wal-Mart store in Clinton.

Following Young's immunity grant and statement, Trimble was advised by his attorney to give his own statement. On June 23, 1992, Trimble gave a videotaped statement to Saline County Sheriff's deputies in which he admitted going to the Jacobs residence with Young and that Young intended to steal the dogs. He further admitted registering in a motel under a false name. He denied, though, that he participated in the murder of Jacobs and claimed that the murder was committed solely by Young. Trimble said that Young had been in the barn alone with Jacobs and came out with blood on his clothing. He also said that he got blood on his clothes after Young grabbed him. On the drive back to Missouri, Trimble told the deputies that Young threw the bloody clothes, dog collars, and hammer out the window. Trimble said he bought new clothes at a Wal-Mart store.

Following a hearing on August 24, 1992, Young's immunity was revoked by the circuit judge for inconsistent statements to the prosecutor and for failure to cooperate. Trimble then filed a motion to suppress his statement, claiming that it had been coerced because he only gave it after Young had been granted immunity and had made a statement implicating him. In the motion to suppress, Trimble also raised the issue of ineffective assistance of counsel.

Also at that hearing, the circuit judge brought up the matter of the State's revoking the grant of immunity to Young. The prosecutor stated that Young would not be called as a witness against Trimble and that the State would not use any physical evidence recovered from Young after he was granted immunity on June 4, 1992.

The circuit judge then heard Trimble's motion to suppress his statement on grounds of coercion effected by Young's grant of immunity and statement by ineffective assistance of counsel. Trimble testified that under these circumstances his attorney advised him that he had no choice but to give a statement. The circuit judge found no coercion and denied the motion.

On the direct appeal of the judgment, Trimble raised seven allegations of error. Among those was a challenge to the sufficiency of the evidence, an allegation that the trial judge should have recused from the case, an allegation that the grant of immunity to Young was illegal, and an argument that the evidence derived from that grant of immunity was improperly used against him. Trimble also argued that the Trial Court should have suppressed his statement on ineffective-assistance-of-counsel grounds. On the ineffective-assistance-of-counsel issue, we concluded that the advice that Trimble received from his attorney, to go ahead and state his own version of the events surrounding the murder after Young was granted immunity, was a matter of strategy that could not be the basis for a finding of ineffective assistance of counsel. *Trimble v. State*, 316 Ark. at 172.

In his petition for Rule 37 relief, Trimble reiterated the ineffective-assistance-of-counsel claim that he made in the motion to suppress his statement. He also alleged that his counsel was inef-

fective for failing to object when the State introduced witnesses whose identity was derived from the information relayed to police by Young pursuant to the grant of immunity. In his last claim, Trimble asserted that he was actually innocent of Jacobs's murder.

Subsequent to the filing of his Rule 37 petition, Trimble filed a motion in which he requested that the circuit judge recuse from the postconviction hearing. The circuit judge was the same judge that presided over Trimble's trial, where Trimble also sought a recusal on the basis that the judge's son was employed as an errand boy by the prosecuting attorney's office. Trimble sought the judge's recusal from the postconviction proceeding because, in the period between Trimble's trial and the filing of his Rule 37 petition, the judge had recused from unrelated criminal cases in which the former prosecutor for Saline County, Dan Harmon, was the defendant. Trimble argued that his petition, within the ineffective-assistance-of-counsel claim regarding the alleged failure to object to the State's use of witnesses derived from the grant of immunity to Young, contains an allegation of misconduct by Dan Harmon, who prosecuted the case. Specifically, that the prosecutor broke his promise to refrain from using evidence derived from Young's immunity, and that Trimble's attorney should have objected when this promise was broken. In the motion to recuse, therefore, Trimble asserted that in order to resolve the ineffective-assistance-of-counsel claim, the circuit judge would have to judge Harmon's credibility and make a threshold factual determination about whether there was prosecutorial misconduct. Trimble further argued that, since the judge recused from other cases involving alleged criminal misconduct by the prosecutor, recusal was also justified in the postconviction proceeding. The circuit judge denied the motion to recuse on the basis that his recusal from the unrelated criminal proceedings, without further evidence, was insufficient to justify his recusal from the postconviction matter.

For his first argument in this appeal, Trimble contends that it was error for the circuit judge to deny his motion to recuse. He only argues, however, that the circuit judge's participation in this case had the appearance of impropriety. He has not pointed to, nor can we find, any exhibition of bias or prejudice by the circuit judge during the Rule 37 proceeding.

■ ■ The Arkansas Constitution, Article 7, § 20, as well as the Arkansas Code of Judicial Conduct, Canon 3(c), provide that judges must refrain from presiding over cases in which they might be interested and must avoid all appearances of bias. *Matthews v. State*, 313 Ark. 327, 854 S.W.2d 339 (1993). In addition, there exists a presumption of impartiality. *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). The decision to recuse is within the trial court's discretion, and it will not be reversed absent abuse. An abuse of discretion can be proved by a showing of bias or prejudice on the part of the trial court. *Id*. at 244; *Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994).

■ ■ In *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996), we stated that the party seeking the disqualification bears the burden of proving bias or prejudice on the part of the trial court. *See also Beshears v. State,* 329 Ark. 469, 947 S.W.2d 789 (1997). Applying that rule, Trimble has made no showing here that he was treated unfairly during his postconviction hearing. He has alleged no specific instances of bias or shown in what way he was prejudiced by the judge's denial of his motion to recuse. Consequently, we must affirm.

Trimble next argues that the Circuit Court erred when it denied relief on his claim that his counsel was ineffective for failing to object when the State introduced the testimony of several witnesses whose identity was derived from the information that Young gave to the Saline County Sheriff after he was granted immunity. Trimble's assertion that his counsel had a meritorious basis for the objection is two-pronged. First, he reiterates an argument that he made in the direct appeal — that the immunity granted to Young was illegal because its scope exceeded what was allowed by statute. The illegality of the immunity that was granted to Young, the argument goes, should have prevented the introduction of evidence against Trimble. Alternatively, he argues that prior to the beginning of his trial, the prosecutor announced that he was seeking a revocation of Young's immunity because of Young's failure to cooperate. According to Trimble, the prosecutor made a commitment at that time to refrain from using Young as a witness against Trimble as well as any other evidence that was derived from Young's immunity. Trimble further asserts that but

for his trial counsel's failure to object to the witnesses on either of these bases, there is a reasonable probability that the result of the trial would have been different.

■ ■ To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

In our opinion in the direct appeal, we held that Trimble did not have standing to contest the kind of immunity granted to Young. *Trimble v. State*, 316 Ark. at 169. While we recognized that there may be an issue regarding the use of evidence derived from Young's immunity against Trimble, especially in light of the prosecutor's commitment not to do so, we ultimately declined to reach that issue because Trimble did not preserve it for appeal with a contemporaneous objection when the evidence was introduced. *Trimble v. State*, 316 Ark. at 170.

■ Our conclusion regarding Trimble's lack of standing to contest the kind of immunity granted to Young indicates that there would not have been any merit to a contemporaneous objection on this basis. Accordingly, Trimble's counsel did not

perform deficiently by failing to make an objection on those grounds.

■ We also conclude that there is no merit to the argument that Trimble's attorney was ineffective for failing to object to the testimony of the witnesses because the prosecutor had made an earlier commitment not to use those witnesses. The Circuit Court, in its order, found that Trimble's attorney did not fail to object, but made the tactical decision not to do so. The Circuit Court cited Trimble's videotaped statement, and explained that the evidence, in the form of the witnesses about whom Trimble complains, "was either directly or indirectly given to the State of Arkansas in the statement petitioner gave." The Circuit Court also added that "the balance of the evidence was overwhelming in pointing toward the defendant's guilt."

The Circuit Court's decision to deny relief is not clearly erroneous. *Catlett v. State*, 331 Ark. 270, 962 S.W.2d 313 (1998). As the State points out in its brief, Trimble's argument appears to broaden the scope of the prosecutor's commitment, which was made during the following colloquy:

PROSECUTOR: The State does not intend to use Mr. Young as a witness in any proceeding. He has completely destroyed any credibility he may have by making so many inconsistent statements. The physical evidence that Mr. Young took us to, the hammer, the shirt, the shoes, raincoat, dog collars, and I believe there's some shirts that belonged to the two defendants. The State had determined we could not introduce those in our case in chief and had no intention of doing so.

THE COURT: By stating that, are you stating to the Court that you're not going to use any of that evidence or any of that testimony of Mr. Young regardless of the outcome of the hearing on the motion to revoke immunity?

PROSECUTOR: That's correct.

THE COURT: Anything else, Mr. Hardin?

DEFENSE COUNSEL: I'd like the record to reflect that and the State will be held to that.

THE COURT: Yes, sir, it's a binding commitment on the part of the State in the case of Mr. Trimble.

PROSECUTOR: Your Honor, my understanding is, we will not use any of the evidence gathered from Mr. Young up to the point he was granted immunity on June 4, 1992.

As can be seen, the prosecutor appears to only commit to refrain from using Young as a witness against Trimble, as well as any *physical evidence* obtained as a result of Young's immunity, and it is that exact commitment that defense counsel seeks to have entered in the record and that the Trial Court declares as binding.

■ In his testimony during the postconviction hearing, defense counsel stated that he understood that, because only Young had standing to contest the immunity issue and the use of evidence derived therefrom, the State was not obligated to make any commitment regarding the use of derivative evidence against Trimble. Defense counsel added that he understood the commitment to be that the State would refrain from introducing Young as a witness as well as the physical evidence that was listed. Defense counsel stated that, regarding the other witnesses, he did not want to "press too hard about keeping stuff out" because the State "might go ahead and use it all." Clearly, counsel made a tactical decision to not object to the introduction of the witnesses on the basis of the prosecutor's commitment. Matters of trial tactics and strategy are outside the purview of Rule 37. *Catlett v. State, supra.*

■ For his last argument in this appeal, Trimble contends that his trial counsel was ineffective for coercing him to make the videotaped statement, which was eventually used as evidence against him during the trial. This argument was raised on direct appeal, where we held that counsel's advice to Trimble, which urged him to make his own statement after Young was granted immunity, was a matter of trial strategy that could not be the basis for a finding of ineffective assistance of counsel. *Trimble v. State,* 316 Ark. at 172. Rule 37 does not provide an opportunity to

reargue points settled on direct appeal. *Dunham v. State*, 315 Ark. 580, 868 S.W.2d 496 (1994).

Trimble now contends, however, that he is entitled to raise this issue again because the counsel alleged to be ineffective in the petition, Trimble's defense counsel during the trial, is the same attorney who raised the ineffective-assistance-of-counsel issue at the trial level. We are unconvinced by this argument. Trimble does not contend that his defense counsel was ineffective in the manner in which he raised the ineffective-assistance-of-counsel claim. Rather, we can perceive no difference between the ineffective-assistance-of-counsel claim that was raised in the Rule 37 petition and the one that we decided on direct appeal.

Affirmed.