Don William DAVIS *v.* STATE of Arkansas

CR 00-528 44 S.W.3d 726

Supreme Court of Arkansas
Opinion delivered May 31, 2001

*Joel O. Huggins*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. This appeal arises from a trial court's denial of a Rule 37 petition. Appellant, Don William Davis, shot and killed Jane Daniel in the course of burglarizing her home in Rogers. Appellant was charged with capital murder, burglary, and theft of property. He was sentenced to death

by lethal injection on the capital-murder charge, and was sentenced to forty-year sentences on the burglary and theft charges. We affirmed appellant's conviction on his direct appeal in *Davis v. State,* 314 Ark. 257, 863 S.W.2d 259 (1993) (*"Davis I"*), *cert. denied,* 511 U.S. 1026 (1994). Appellant filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. After a hearing on the matter, the trial court denied the Rule 37 petition. From that order, appellant brings his appeal and raises eleven allegations of error. We find no reversible error and affirm.

■■ For many years, Arkansas has allowed collateral attacks upon a final conviction and appeal by means of a postconviction challenge to determine whether a sentence was void because it violated fundamental rights guaranteed by the Constitutions or laws of Arkansas or the United States. The present rule for such a challenge is Ark. R. Crim. P. 37, which provides the following grounds for a petition:

> (a) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or
>
> (b) that the court imposing the sentence was without jurisdiction to do so; or
>
> (c) that the sentence was in excess of the maximum sentence authorized by law; or
>
> (d) that the sentence is otherwise subject to collateral attack . . . [.]

Ark. R. Crim. P. 37.1. The most common ground for postconviction relief is the assertion that the petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Strickland v. Washington,* 466 U.S. 668 (1984).

■ Other grounds that we have held are so fundamental that a breach renders a judgment a complete nullity and therefore can be addressed under Rule 37 include the following: (1) a trial by a jury of fewer than twelve persons, *see Collins v. State,* 324 Ark. 322, 920 S.W.2d 846 (1996); (2) a judgment obtained in a court without jurisdiction to try the accused, *see Travis v. State,* 286 Ark. 26, 688 S.W.2d 935 (1985) (citing *Rowe v. State,* 275 Ark. 37, 627 S.W.2d 16 (1982)); and a judgment obtained in violation of the constitutional provisions against double jeopardy. *Travis, supra.*

■ Rule 37 permits review to determine whether the sentence imposed on the petitioner is subject to collateral attack. *Swisher v. State*, 257 Ark. 24, 514 S.W.2d 218 (1974). The presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment. *Strickland, supra.* There is a presumption of regularity regarding every judgment of record of a court with competent jurisdiction. *Coleman v. State*, 257 Ark. 538, 518 S.W.2d 487 (1975).

■ ■ Rule 37 does not provide an opportunity to reargue points that were settled on direct appeal. *Coulter v. State*, 343 Ark. 22, 31 S.W.3d 826 (2000). The rule does not provide a remedy when an issue could have been raised in the trial or argued on appeal. *Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323 (1999). Rule 37 does not permit a petitioner to raise questions that might have been raised at the trial or on the record on direct appeal, unless they are so fundamental as to render the judgment void and open to collateral attack. *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980). Postconviction relief is not intended to permit the petitioner to again present questions that were passed upon on direct appeal. *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934 (1980). Rule 37 is a narrow remedy designed to prevent incarceration under a sentence so flawed as to be void. *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999).

■ On appeal from a trial court's ruling on Rule 37 relief, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Noland v. Noland*, 330 Ark. 660, 956 S.W.2d 173 (1997). Based upon these principles of law, and upon our standard of review, we turn to the issues raised in this appeal.

## I. Denial of due process

At arraignment, the trial court ordered an evaluation, and appellant received a psychiatric evaluation at the state's expense from Dr. Travis Jenkins at the Ozark Guidance Center in Springdale. Following Dr. Jenkins's examination, appellant, joined by the State, filed a motion for psychiatric evaluation at the Arkansas State Hospital. The trial court agreed and ordered appellant to

undergo a thirty-day evaluation at the state hospital. The psychologist's report from the state hospital considered mitigating factors, such as a long history of alcohol and substance abuse, learning disabilities, hyperactivity, and early childhood deprivation, that "do not appear to impair criminal responsibility." After these two reports were obtained, appellant asked the court for funds to employ an independent psychiatric examiner, and the trial court denied this additional request. At trial, Dr. Jenkins was called by appellant as a witness during the sentencing phase.

■ Appellant argues that he was denied due process when the trial court denied his motion for funds to hire an independent psychiatrist. This argument merely repeats the arguments made in the trial court and direct appeal that have been previously decided in *Davis I, supra,* and is not appropriate for postconviction relief. Addressing this issue on direct appeal, we stated:

> Davis received a psychiatric evaluation at state expense from the Ozark Guidance Center. The psychiatrist there concluded that there was a lack of psychosis but that Davis did have attention-deficit hyperactivity disorder residual [ADHD], which could have contributed to the commission of the offenses.

> Subsequently, Davis, joined by the State, filed a motion for psychiatric evaluation at the Arkansas State Hospital, which was granted. The resulting medical report revealed no psychoses but did indicate a psychoactive substance abuse and antisocial personality disorder.

> Next, Davis asked the court for funds to employ an independent psychiatric examiner, which the court refused to do. . . . In light of these cases, we conclude that the trial court did not err in refusing to approve funding of a private psychiatric evaluation for Davis after approving two previous evaluations.

*Davis I, supra.*

■ Notwithstanding our consideration of this issue in the direct appeal, appellant now argues that our decision in that appeal did not reach the question of the employment of a private psychiatrist to assist in the sentencing phase. We disagree and hold that *Davis I, supra,* reflects the consideration at trial of evidence produced through two previous psychiatric examinations. Those examinations revealed, in addition to a lack of psychosis, a showing of psychological problems relating to the presence of mitigating

circumstances, such as ADHD, psychoactive substance abuse, and antisocial personality disorder. This testimony was available for consideration by the jury in the sentencing phase, and the issue was reached on direct appeal. Therefore, we conclude that the trial court's decision denying Rule 37 relief on this argument was not clearly erroneous.

## II. Ineffective assistance of counsel

Appellant next argues that his trial counsel was ineffective for not sufficiently supporting his argument that he should have been provided funds to employ an independent psychiatrist to advise him on the mitigating factors in the sentencing phase. Appellant specifically argues that the failure of the trial counsel to cite and argue the effect of our decision in *Coulter v. State*, 304 Ark. 527, 804 S.W.2d 348 (1991), constituted ineffective assistance of counsel, and violated the protections of the Sixth and Fourteenth Amendments of the United States Constitution.

■ Addressing this issue, we turn to the analysis provided in *Strickland, supra.* We recently restated the *Strickland* standard for assessing the effectiveness of trial counsel:

> According to that standard, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.

*Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999).

[11] Appellant argues that because his attorney failed to cite *Coulter, supra,* he should be afforded postconviction relief and that his counsel should have developed the issue further. However, *Coulter, supra,* did not resolve this issue, but rather left it undecided. We cannot say that counsel's failure to cite *Coulter, supra,* was so serious an error that it deprived appellant of a fair trial, or that he would have prevailed if trial counsel had cited this case. *Strickland, supra.*

The request for another independent expert was presented and denied during the trial. In *Davis I,* we concluded as a part of our Ark. Sup. Ct. R. 4-3(h) review that the denial of this request did not constitute reversible error. We now hold that the trial court was not clearly erroneous in finding that ineffective assistance of counsel was not proven on this point.

### III. Denial of funds to employ an independent psychiatrist witness

In our previous analysis of the first point raised in this appeal, we affirmed the trial court's finding that Rule 37 relief is not appropriate to set aside the conviction on the basis of the denial of funds for the employment of an expert to further develop mitigation factors. Appellant now presents the argument that his Rule 37 hearing should have been used to reargue this point, and contends that the trial court abused its discretion in not approving funds for an expert to reargue this point during the Rule 37 hearing.

The purpose of Rule 37 was never intended to provide a means to add evidence to the record or refute evidence adduced at trial. *Taylor v. State,* 297 Ark. 627, 764 S.W.2d 447 (1989). The standards previously articulated in this opinion, which relate to the purpose and scope of rule 37 proceedings, dispose of this argument. Appellant presents no citation of authority to the contrary, and we do not grant relief without the citation of authority or clear and convincing arguments. *Dixon v. State,* 260 Ark. 857, 545 S.W.2d 606 (1977). We conclude that the trial court did not abuse its discretion in denying this request.

### IV. Recusal and continuance

Appellant argues that he was prejudiced by the trial court's denial of his motion to recuse. Prior to the Rule 37 hearing, appellant requested that the trial judge recuse because of complaints

filed against him and moved for a continuance to prepare for the Rule 37 hearing. The trial court denied both motions. The court addressed appellant's motion to recuse, stating that he was not biased and that he would not let the complaints affect his consideration of the Rule 37 action.

There is a presumption of impartiality on the part of judges. *Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998). The decision to recuse is within the trial court's discretion and will not be reversed absent abuse. *Trimble v. State*, 336 Ark. 437, 986 S.W.2d 392 (1999). The question of bias is usually confined to the conscience of the judge. *Black, supra; Dolphin v. Wilson*, 328 Ark. 1, 942 S.W.2d 815 (1997). An abuse of discretion can be shown by proving bias or prejudice. *Massongill v. County of Scott*, 337 Ark. 281, 991 S.W.2d 105 (1999); *Trimble, supra*. To decide whether there was an abuse of discretion, we review the record to see if any prejudice or bias was exhibited. *Black, supra; Dolphin v. Wilson, supra*.

Although it was alleged that the trial judge was the target of a judicial ethics inquiry, appellant has not included these complaints in the record before us. Appellant has not alleged any specific instances of bias, nor has he shown any way that he was prejudiced by the judge's denial of his motion to recuse. Moreover, this point does not address any of the fundamental issues appropriate for a Rule 37 proceeding. However, it challenges the conduct of the hearing itself, and upon examination of the conduct of the Rule 37 hearing, we conclude that there was no abuse of discretion.

Appellant also argues that the trial court erred in denying his Rule 37 motion for a continuance because he did not have adequate time to review all possible Rule 37 issues. The law is well established that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dirickson v. State*, 329 Ark. 572, 953 S.W.2d 55 (1997). Appellant must show prejudice from the denial of the continuance, and when a motion for continuance is based on a lack of time to prepare, we will consider the totality of the circumstances; the burden of showing prejudice is on the appellant. *Davis v. State*, 318 Ark. 212, 885 S.W.2d 292 (1994). Finally, the court has also held that a lack of diligence alone is sufficient cause to deny a continuance. *Id.*

In the present case, appellant has failed to demonstrate prejudice from the court's denial of his continuance under *Davis,*

*supra.* Appellant's Rule 37 attorney was appointed to represent appellant on May 2, 1999, and the Rule 37 hearing was scheduled for June 29, 1999. Appellant's attorney had approximately two months to familiarize himself with the case. Appellant merely argues that appellant's counsel did not have enough time to review the record, and that they were forced to rely upon the work of his previous attorneys. The trial court exercised its discretion in finding that approximately two months is ample time to prepare for a Rule 37 hearing. We cannot say that the trial court abused its discretion. *Dirickson, supra.*

█ Appellant also argues that the trial court committed error in denying his motion for continuance on the grounds that his attorney, Mr. Huggins, was not allowed time to become certified by the Public Defender Commission to handle this death-penalty case, as required by Ark. R. Crim. P. 37.5. Arkansas Rule of Criminal Procedure 37.5(c)(5) specifies that "[a]t least one of the attorneys shall meet the standards of (c)(1) or (c)(4)." *Id.* We note that Mr. Huggins's co-counsel, Charles Duell, was qualified to represent defendants in death-penalty cases. Therefore, we conclude that the trial court did not abuse its discretion on this point.

### V. Withdrawal of counsel

█ Appellant argues that the court at the Rule 37 hearing committed error in allowing the public defender's office to argue that appellant's counsel at trial, provided by the public defender's office, were ineffective. Appellant cannot prevail on this issue because he has not shown that any perceived conflict of interest adversely affected Mr. Duell's representation of him. Prejudice is presumed from a conflict of interest only when the defendant demonstrates that an actual conflict of interest adversely affected his lawyer's performance. *Sheridan v. State,* 331 Ark. 1, 959 S.W.2d 29 (1998). In the absence of a showing of prejudice, we find no abuse of discretion by the trial court.

### VI. Alternate theories

Without citation to applicable authority, appellant argues that the State is precluded from charging the offense of capital murder under the alternate theories of felony-murder under Ark. Code Ann. § 5-10-101(a)(1) (Repl. 1997) and premeditation and deliberation under Ark. Code Ann. § 5-10-101(a)(4) (Repl. 1997). He

further claims that the trial court did not submit proper verdict forms to the jury. Both of these issues should have been raised on direct appeal. *Weaver, supra.*

 There is no showing that appellant objected to either the information or the verdict form at trial. During the Rule 37 proceeding, appellant contended that he was convicted of a nonexistent offense. Appellant cites *Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987) and *Bosnick v. State*, 248 Ark. 846, 454 S.W.2d 311 (1970) for his argument that the alternate charges were for two difference offenses. We disagree. Neither case holds that the State could not have charged the murders under the appropriate alternate theories. We have held that the duplication, or "double-counting," of an element of a capital offense by one or more aggravating circumstances does not broaden the death-eligible class nor render our death-penalty statutes unconstitutional. *Simpson v. State*, 339 Ark. 467, 6 S.W.3d 104(1999); *Jackson v. State*, 330 Ark. 126, 954 S.W.2d 894 (1997). As we stated in *Simpson, supra*, we see no need to revisit or reconsider this issue yet again. We conclude that there was no merit to this argument. It follows that appellant's counsel was not ineffective for failure to raise these arguments at the trial or on direct appeal.

*VII. Dr. Jenkins's testimony*

Appellant called Dr. Jenkins to testify during the sentencing phase. Appellant now contends that his trial attorneys were ineffective because they did not object during the testimony of Dr. Jenkins when he responded to a question on cross-examination concerning his psychiatric interview with appellant. On direct examination, appellant's counsel asked Dr. Jenkins if he had reviewed a report on appellant prepared by the Arkansas State Hospital. Dr. Jenkins replied that he had reviewed the report. On cross-examination, the State asked Dr. Jenkins if, in his opinion, appellant had "the ability to form the specific mental intent of premeditated and deliberated purpose in killing a person[.]" Dr. Jenkins responded by volunteering that "I did not have the opportunity to interview him around all of those events because of his Fifth Amendment rights, but — [.]" The State then restated its question, making it clear that the question was directed to Dr. Jenkins about his conclusion based on the report from the Arkansas State Hospital. On redirect examination, Dr. Jenkins confirmed that the Arkansas State Hospital had reached the same results that he had reached.

█ We have held that an inadvertent comment by a witness with respect to an accused's post-arrest silence that was not responsive to the prosecutor's question did not constitute a violation of *Doyle v. Ohio*, 426 U.S. 610 (1976), or warrant a mistrial. *Tarkington v. State*, 313 Ark. 399, 855 S.W.2d 306 (1993). Where a comment on a defendant's post-arrest silence is not an attempt to impeach the defendant, it is not the type of comment prohibited by the Court in *Doyle, supra. Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996).

█ Here, Dr. Jenkins's testimony was during the sentencing phase of appellant's trial after appellant had already been found guilty. We conclude that Dr. Jenkins's inadvertent remark did not violate the principles of *Doyle, supra.* Accordingly, appellant's counsel was not ineffective for failure to pursue this issue, and we affirm the trial court on this point.

## VIII. Vagueness and overbreadth

In the sentencing phase at trial, the prosecutor presented as an aggravating factor that appellant committed the murder "for the purpose of avoiding or presenting an arrest or effecting an escape from custody." Ark. Code Ann. § 5-4-604(5) (Repl 1997). Appellant claims that Ark. Code Ann. § 5-4-604(5) is unconstitutionally vague and overbroad, and that it violates due process and the Eighth Amendment protection against cruel and unusual punishment.

█ This issue is one that should have been presented to the trial court and raised on direct appeal. *Weaver, supra.* We have rejected this argument in the past. *See Bowen v. State*, 322 Ark. 483, 911 S.W.2d 55 (1995); *Pickens v. State*, 292 Ark. 362, 730 S.W.2d 230 (1987). Appellant has not advanced an argument that would require a different result in this case. Accordingly, we find no error. Any inference that trial counsel was ineffective for failing to raise this point in the direct appeal is meritless.

## IX. Overlapping statutes

Appellant argues that felony capital murder and premeditated and deliberated murder are identical to and overlap with first-degree felony murder and first-degree murder. Again, this issue is one that should have been presented to the trial court and raised on

direct appeal. *Weaver, supra.* We have repeatedly rejected this contention. *Sanders v. State,* 317 Ark. 328, 878 S.W.2d 391 (1994); *Cromwell v. State,* 269 Ark. 104, 598 S.W.2d 733 (1980).

 In *Lee v. State,* 327 Ark. 692, 942 S.W.2d 231 (1997), we stated simply that "[w]e have decided this issue adversely to Lee's position on many occasions, and adhere to these previous holdings." *Id.* Similarly, in *Nooner v. State,* 322 Ark. 87, 907 S.W.2d 677 (1995), we stated that we have discounted this argument on numerous occasions. *See Greene v. State,* 317 Ark. 350, 878 S.W.2d 384 (1994). Similarly, on this occasion, we adhere to our previous decisions, and we reject this argument. Therefore, any inference that trial counsel was ineffective for failing to raise this point in the direct appeal is meritless.

### X. Mitigating factors

 Appellant argues that the sentencing instructions and the jury verdict form did not inform the jury that each juror could consider mitigating factors at all times, in violation of *Mills v. Maryland,* 486 U.S. 367 (1988). Appellant has not abstracted the trial court's instructions during the sentencing phase of his trial. Because the record on appeal is confined to that which is abstracted, the failure to abstract a critical document precludes us from considering issues concerning it on appeal. *See Porchia v. State,* 306 Ark. 443, 815 S.W.2d 926 (1991); *Plotts v. State,* 297 Ark. 66, 759 S.W.2d 793 (1988). Without the proffered instructions before us, we decline to address this argument.

However, we note that appellant's claim regarding the jury verdict form has been previously rejected by this court. This same argument was made in *Pickens, supra,* and we decided the argument lacked merit in that case. We wrote:

> The second argument concerning AMCI 1509 is based on the recent United States Supreme Court case of *Mills v. Maryland,* 486 U.S. 367 (1988).

> * * *

> The appellant claims there is no meaningful difference between the Maryland and Arkansas sentencing forms, but they are, in fact, very different. Our Form 2, which accompanies AMCI 1509, expressly allows the jury to list mitigating circumstances

> which were found by some, though not all, of its members. Form 3 then allows the jury to determine if the aggravating circumstances outweigh any mitigating circumstances. Nothing in the forms indicates to the jury that a mitigating circumstance must be found unanimously before it may be considered in the weighing process. The potential for misunderstanding is not present in the Arkansas forms as it is in the Maryland forms. Therefore, we reject the appellant's argument.

*Id.* If we were to reach the merits on this point, appellant's argument would have no merit.

Additionally, appellant claims that the sentencing scheme is unconstitutional because the word, "shall," in Ark. Code Ann. § 5-4-603(a) requires the jury to impose the death penalty on certain findings. We have previously held that Ark. Code Ann. § 5-4-603 does not result in a mandatory death sentence. *See Hill v. State*, 289 Ark. 387, 713 S.W.2d 233 (1986); *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). We adhere to our previous holdings in the present appeal. Because appellant's arguments on both claims are meritless, appellant's further claim that counsel was ineffective fails, and we affirm.

### XI. Proportionality review

For his last point on appeal, appellant argues that the Arkansas Death Penalty statute is unconstitutional because we do not conduct a proportionality review and have set forth no standards by which such reviews are conducted.

We are not required to conduct a proportionality review of death sentences. *Williams v. State*, 321 Ark. 344, 902 S.W.2d 767 (1995). Although we conducted a proportionality review in the past, we no longer do so. *Id.* However, at the time of appellant's direct appeal, we did conduct a proportionality review. In *Davis I, supra,* we reviewed the facts in appellant's case with those in other robbery-murder cases where the death penalty had been imposed, and we decided that the death penalty was "not freakishly or arbitrarily applied" under these circumstances. *Id.* Moreover, appellant's claim that his trial attorneys were ineffective for failing to raise this claim is meritless under *Monts, supra.*

Because we find no reversible error, we affirm the trial court.