Frank WILLIAMS *v.* STATE of Arkansas

CR 99-1221                                    56 S.W.3d 360

Supreme Court of Arkansas
Opinion delivered September 20, 2001

*Alvin Schay*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. This is an appeal from a trial court's denial of a Rule 37 petition. Appellant, Frank Williams, shot and killed Clyde Spence at his home in Lafayette County. Appellant was charged with breaking or entering, felon in possession of a firearm, theft of property, and capital murder. He was sentenced to death by lethal injection on the capital-murder charge. We affirmed appellant's conviction on his direct appeal in *Williams v. State*, 321 Ark. 344, 902 S.W.2d 767 (1995), *cert. denied*, 516 U.S. 1030 (1995). On February 20, 1996, appellant filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. On March 30, 1999, a hearing

was held on appellant's petition, and on July 23, 1999, the trial court denied the Rule 37 petition. From that order, as well as a supplemental order filed September 25, 2000, appellant brings his appeal. He raises three allegations of error. We find no reversible error and affirm the trial court.

In appellant's first point on appeal, he argues that the trial court's order denying his petition for postconviction relief did not comply with the Rule 37.3(c) of the Arkansas Rules of Criminal Procedure. Specifically, appellant contends that the trial court's July 23, 1999, order did not contain the requisite findings of facts and conclusions of law. Appellant argues that the trial court's order contained incomplete or conclusory findings in violation of Rule 37. Finally, appellant contends that because the order is invalid we should reverse and remand this case.

The order that appellant challenges is the trial court's July 23, 1999, order. In that order, the following findings were made:

> On the basis of the pleadings and briefs filed in the case, the record of the trial, and the evidence introduced at the hearing on this petition, the court hereby denies postconviction relief.

> The petitioner, in his original motion for postconviction relief, alleged several factors for the court's consideration. In his brief subsequent to the hearing, counsel does not choose to address these factors individually, but considers all points alleged in his original petition to constitute ineffective assistance of counsel.

> In denying petitioner's motion for postconviction relief, the court finds that to prevail as an instance of ineffective assistance of counsel, the petitioner must establish that trial counsel's conduct was outside the range of reasonable professional assistance and that there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner failed to establish a reasonable probability that, but for counsel's errors, the outcome would have been different. Therefore, the petition for Rule 37 relief must be denied.

We agree with appellant's contention that the original order was conclusory and did not meet the requirements of Rule 37. However, on May 25, 2000, the State filed a motion in this court asking us to remand the case to allow the trial court to enter written

findings of fact pursuant to Rule 37.5(i) of the Arkansas Rules of Criminal Procedure. That rule states:

> If a hearing on the petition is held, *the circuit court shall, within sixty (60) days of the conclusion of the hearing, make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition.* If no hearing on the petition is held, the circuit court shall, within one hundred twenty (120) days after the filing of the petition, make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition. The time within which the circuit court shall make specific written findings of fact and conclusions of law shall be extended by thirty (30) days if the circuit court requests or permits post-hearing briefs.

*Id.* (emphasis added).

On June 15, 2000, we granted the State's motion and remanded this case back to the circuit court. On September 25, 2000, the trial court entered a supplemental order denying appellant's petition. In that order, the trial court made specific factual findings and conclusions of law on each issue raised by appellant in his petition for postconviction relief. We have carefully considered those specific findings of fact and conclusions of law, and find no reversible error. We also note that appellant has not challenged those specific findings of fact and conclusions of law. We hold that the trial court's supplemental order complies with our rules of criminal procedure, and contains no reversible error as to the first point on appeal. We further conclude that appellant's allegation of error based upon the defective original order is now moot.

In appellant's second point on appeal, he argues that the trial court should have granted his petition for postconviction relief because his attorney at trial was ineffective. Specifically, appellant argues that his trial attorney was ineffective because he failed to call various witnesses such as his mother or his sister to testify during the sentencing phase of the trial. Before addressing the merits of appellant's argument, we note that appellant has failed to proffer the substance of either witnesses' testimony at any stage of the postconviction proceeding. Thus, it is impossible for either the trial court or this court on review to determine whether appellant's mother's testimony or his sister's testimony would have changed the outcome of the trial, thereby rendering trial counsel's assistance ineffective.

We have held that allegations of ineffective assistance without substantiation do not justify postconviction relief. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995). Specifically, we have explained that we will not grant postconviction relief for ineffective assistance of counsel in a case where a petitioner fails to show what the omitted testimony was and how it would have changed the outcome. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). Additionally, we have noted that to prove ineffectiveness due to failure to secure testimony, our cases require a showing of what would have been presented in the testimony as well as how the outcome would have been changed by it. *Johnson, supra*. Because appellant has failed to proffer the testimony of his mother or his sister, we cannot review the merits of this issue on appeal. Accordingly, the trial court is affirmed.

In appellant's final point on appeal, he argues that the Arkansas Death Penalty Statute is unconstitutional. He challenges its constitutionality on several grounds. Specifically, he argues that the statute: (1) has overlapping offenses; (2) limits the jury's consideration of mitigating evidence during the sentencing phase of the trial; and (3) requires the imposition of the death penalty under certain circumstances.

■ Before addressing appellant's contentions, we note that appellant was required to raise any constitutional claims in his direct appeal. We have held that even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings. *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999). We further note that each constitutional challenge raised by appellant in this case was reviewed and rejected in our recent case, *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001).

■ In appellant's first constitutional argument, he contends that felony capital murder and premeditated and deliberated murder are identical to and overlap with first-degree felony murder and first-degree murder. We have repeatedly rejected this contention. *Davis, supra*; *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994); *Cromwell v. State*, 269 Ark. 104, 598 S.W.2d 733 (1980). In *Davis, supra*, we considered this "overlapping statute" argument and explained:

> In *Lee v. State*, 327 Ark. 692, 942 S.W.2d 231 (1997), we stated simply that "[w]e have decided this issue adversely to Lee's position on many occasions, and adhere to these previous holdings." *Id.* Similarly, in *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995),

we stated that we have discounted this argument on numerous occasions. *See Greene v. State,* 317 Ark. 350, 878 S.W.2d 384 (1994). Similarly, on this occasion, we adhere to our previous decisions, and we reject this argument. Therefore, any inference that trial counsel was ineffective for failing to raise this point in the direct appeal is meritless.

*Davis, supra.* Because appellant's argument in the case now before us is identical to that raised in *Davis, supra, Lee, supra,* and *Nooner, supra,* and because the statutory language in question has not changed since our disposition of those cases, we once again reject the argument that the death-penalty statute is unconstitutional, and reject any inference that the failure to raise this issue on direct appeal constituted ineffective assistance of counsel.

■ ■ Next, appellant argues that the sentencing instructions and the jury verdict forms did not inform the jury that each juror could consider mitigating factors at all times, in violation of *Mills v. Maryland,* 486 U.S. 367 (1988) and *McKoy v. North Carolina,* 494 U.S. 433 (1990). Appellant has failed to abstract the trial court's instructions during the sentencing phase of his trial or the verdict forms completed by the jury. We have held that the failure to abstract a critical document precludes us from considering issues concerning it on appeal. *Davis, supra.* Because appellant has failed to abstract these documents, and because the record on appeal is confined to that which is abstracted, we cannot consider appellant's argument on appeal.

■ Finally, appellant contends that the sentencing scheme is unconstitutional because the word, "shall," in Ark. Code Ann. § 5-4-603 requires the jury to impose the death penalty on certain findings. We have previously held that Ark. Code Ann. § 5-4-603 does not result in a mandatory death sentence. *Davis, supra; see also; Williams v. State,* 338 Ark. 97, 991 S.W.2d 565 (1999); *Hill v. State,* 289 Ark. 387, 713 S.W.2d 233 (1986). Once again, because appellant has not provided us with any reason to deviate from precedent, we reject the allegation that the Arkansas Death Penalty Statute is unconstitutional. We further reject any inference that counsel's failure to raise this issue on direct appeal constituted ineffective assistance of counsel. Finding no reversible error, we affirm the trial court.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree with the majority except its final point is somewhat confusing. In that point, Williams argues the Death Penalty Statute is unconstitutional. The majority rejects Williams's arguments regarding this constitutional issue, but in doing so, seems to rely in part on the case of *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999). Citing *Sasser*, the majority opinion relates the rule that even constitutional issues must be raised in the trial court and on direct appeal, rather than in a Rule 37 proceeding. The opinion further suggests Williams failed to raise his constitutional issue at trial, and, therefore, the issue was not preserved.

In death penalty cases and under Ark. R. Crim. P. 37.5, this court has required a heightened standard of review of capital cases because the State, under Act 925 of 1997 and Rule 37.5, is provided collateral relief so as "to eliminate the need for multiple federal habeas corpus proceedings in death cases." *Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2000). Citing *Porter v. State*, 339 Ark 15, 2 S.W.3d 73 (1999), the *Jackson* court further stated, "[w]hile there is no constitutional right to a postconviction proceeding, when the State undertakes the role of providing such, as it has done here, it must comport with due process and be fundamentally fair." In *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001), this court also stated that, in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure the denial rests on solid footing. *See Echols*, 344 Ark. at 520–523, (Glaze, J., dissenting). In sum, *Jackson* and Rule 37, as amended, have carved out a new exception to its established rule that even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings.

Previously, this court's only exception to the rule regarding when an issue could be considered in Rule 37 proceedings when not raised at trial or on direct appeal was where that error is "structural" or so fundamental as to render the judgment of conviction void and subject to collateral attack. *See id.* at 383–384; *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (trial by a jury of fewer than twelve persons where defendant did not waive a twelve-person jury is fundamental error as to render the judgment of conviction void and subject to collateral attack); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (a judgment obtained in violation of the

constitutional provisions against double jeopardy is sufficient to void a conviction).[1] Williams's constitutional questions in the present case do not raise "structural" errors or issues sufficient to render the sentence and judgment void; nonetheless, while his constitutional issues do not fall within the exception described in *Sasser*, this court has now decided such constitutional issues in death cases may be considered under Rule 37.5, as amended, and as that rule has recently been interpreted by this court in *Jackson* and *Echols*.

---

[1] The constitutional issue and arguments here are not structural in nature, but instead are merely subject to judicial review and would render Williams's conviction void.