The CITY OF DOVER, Arkansas v. The CITY OF RUSSELLVILLE, Arkansas, et al.

00-1391                                          57 S.W.3d 171

Supreme Court of Arkansas
Opinion delivered October 18, 2001

*McCormick Law Firm, P.A.*, by: *David L. McCormick*, for appellant.

*Dunham & Faught, P.A.*, by: *James Dunham*; *William F. Smith, III*; and *Alex G. Street*, for appellee.

Tom Glaze, Justice. The court of appeals certified this case to us because it involves the interpretation of Ark. Code Ann. §§ 14-40-601 and -604 (Repl. 1998), concerning a proposed annexation of an area which adjoins the City of Russellville. We accept jurisdiction of this appeal under Ark. Sup. Ct. R. 1-2(b)(6).

In April 1999, Pope County property owners, who owned land adjoining the City of Russellville, petitioned the Pope County Court pursuant to § 14-40-601, seeking to be annexed into Russellville. After holding a hearing on the landowners' petition, the county court entered an order on June 3, 1999, granting their petition. In June 1999, the City of Dover and Wayne Baker,[1] a landowner in the proposed area to be annexed, filed a timely complaint in the Pope County Circuit Court, as provided under § 14-40-604, seeking to prevent the annexation. Dover alleged there was insufficient proof that all parcels of land within the proposed annex area were proper for annexation. Dover asserted that the petitioners' proof failed to show that a majority of the landowners of the proposed area had signed the petition or that a majority of the petitioners owned more than one-half of the proposed area, as required by § 14-40-601.

After several months of hearings, the initial circuit judge recused, and the case was then assigned to Circuit Judge Ken Coker, who promptly ordered on December 14, 1999, that a trial be set for April 6, 2000, and that all discovery be completed by March 6, 2000. Judge Coker directed that the parties' discovery should include naming their expert witnesses, and, by the December 14 order, he informed the parties they would not be granted any continuances for the reason they did not have time to depose a witness. On January 25, 2000, Judge Coker further directed that petitioners answer Dover's discovery requests on or before February 24, 2000; the judge also denied petitioners' motion to dismiss and denied the petitioners' prior request for a protective order.

---

[1] Baker later opted to be dismissed as a party in this appeal, so the City of Dover is mentioned throughout this opinion as the party challenging the annexation.

Dover subsequently asked for a continuance so it could obtain an expert; that request was denied. Dover also sought to depose the petitioners' agent and attorney, Alex Streett, and the judge took that request under advisement. In March 2000, petitioners amended their original petition, and Dover moved to dismiss this amendment. On April 4, 2000, Dover suggested Judge Coker disqualify, which the judge denied on April 6, 2000 — the original trial date. At the same time, the judge denied Dover's motion for summary judgment, refused Dover's request to depose attorney Alex Streett, and reset the trial for May 15, 2000.

The trial was held on May 15, and, by letter opinion dated June 19, 2000, Judge Coker entered his decision, finding: (1) the proposed area to be annexed was contiguous to Russellville, as required by § 14-40-604; (2) a majority of the landowners in the proposed annexed area had signed the annexation petition and they owned more than one-half of the area; (3) the petitioners had signed the petition personally or through an agent; (4) Dover failed to show petitioners had no standing; (5) Streett was properly designated as the petitioners' agent; (6) the proposed area was not unreasonably large, and the area was properly described; (7) and the annexed property met the criteria set out in *Town of Houston v. Carden*, 332 Ark. 340, 965 S.W.2d 131 (1998).

Dover appeals the circuit court's decision and raises ten points for reversal. However, we first discuss this court's standard of review in this case because it is a significant factor when considering some of Dover's arguments. First, we point out that Dover's complaint filed with the circuit court was not an appeal from the Pope County Court, but rather was an independent action attacking the annexation. *Proposed Annexation to the Town of Beaver v. Ratliff*, 282 Ark. 516, 669 S.W.2d 467 (1984). Such action is tried *de novo* in circuit court, *see Turner v. Wiederkehr Village*, 261 Ark. 72, 546 S.W.2d 717 (1977), and this court places a high degree of reliance upon the findings of the trial judge and does not reverse unless those findings are clearly erroneous. *Carden*, 332 Ark. at 349. Furthermore, this court views the evidence in the light most favorable to the appellee. *Id.*

In its first point, Dover argues Judge Coker erred in refusing to disqualify himself. More particularly, Dover asserts that, because the judge was a resident of Russellville and a customer of "City Corporation," he had both an actual bias and an appearance of bias requiring his recusal. Dover explains that City Corporation is a Russellville company that handles water and sewage treatment for

Russellville, and Dover says that if the proposed annexation is prevented, Dover would be able to build its own water treatment plant and Russellville would lose revenue received from Dover residents who are now required to use Russellville's water treatment facility. In sum, Dover suggests that Judge Coker, as a Russellville resident, not only had an interest as a Russellville citizen, but also an economic interest in the outcome of the case. We find no merit in Dover's argument.

We first note that Dover presented no evidence that the judge had any economic interest or other bias at stake in this litigation. Moreover, it is significant that, at the time the trial court denied the motion to recuse, Dover had been enjoined from constructing the treatment plant it wanted to build.[2] In sum, this case simply involved the propriety of the proposed annexation and had nothing to do with the construction of any sewer treatment facility.

■■ The rule is long established that there is a presumption of impartiality on the part of judges, *see Black v. Van Steenwyk*, 333 Ark. 629,970 S.W.2d 280 (1998), and a judge's decision to recuse is within the trial court's discretion and will not be reversed absent abuse. *Trimble v. State*, 336 Ark. 437, 986 S.W.2d 392 (1992). The party seeking recusal must demonstrate any alleged bias. *Bradford v. State*, 328 Ark. 701, 947 S.W.2d 1 (1997). Unless there is an objective showing of bias, there must be a communication of bias in order to require recusal for implied bias. *Lammers v. State*, 330 Ark. 324, 955 S.W.2d 489 (1997). Dover simply fails to show bias to warrant Judge Coker's recusal; therefore, we uphold the judge's ruling on this point.

In its second point, Dover urges that the trial court erred in denying Dover a continuance. Dover states that, although the judge had set the trial date and discovery deadlines in December 1999, the judge had not yet denied the petitioners' motion to dismiss Dover's complaint and did not do so until January 25, 2000. It was not until after the January 25 ruling that Dover began a search for expert witnesses. Dover reasoned that it did not wish to incur the unnecessary expenditures of hiring an expert if its complaint would be dismissed; therefore, Dover delayed its search for expert witnesses. Dover submits that the only expert it contacted who could testify said that there was insufficient time to prepare for the April 6 trial.

---

[2] This court later dissolved the injunction, *see City of Dover v. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000), but the injunction was in place at the time of the April 6 hearing.

When Dover requested a continuance on February 4, 2000, the trial judge adhered to his earlier orders and, on February 24, denied Dover's continuance request.[3]

■■ The rule is settled that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001). An appellant must show prejudice from the denial of a continuance, and when a motion is based on a lack of time to prepare, we will consider the totality of the circumstances; the burden of showing prejudice is on the appellant. *Id.* Finally, the court has also held that a lack of diligence alone is sufficient cause to deny a continuance. *See Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994).

■ Here, the record reflects Dover was simply not diligent in engaging an expert needed to prove its case. Dover filed this case in June 1999, and had the burden to prove its allegations. Judge Coker took charge of this case in December 1999, and was quite specific in moving the case along by setting an April 6, 2000, trial date and establishing a discovery deadline, including the disclosure of expert witnesses so any depositions could be conducted. Dover knew it had the burden of going forward with proof, yet it delayed engaging an expert until it learned the petitioners' dismissal motion would be denied. Such delaying tactics showed a lack of diligence on Dover's part, and in these circumstances, we cannot say the trial judge abused his discretion in denying Dover's request for continuance.

In its third point, Dover submits that, under § 14-40-601, the petitioners were required to apply in writing to the county court and name the persons authorized to act on their behalf. That statute reads, in pertinent part, as follows:

> Whenever a majority of the real estate owners of any part of a county contiguous to and adjoining any city or incorporated town shall desire to be annexed to the city or town, *they may apply, by petition in writing*, to the county court of the county in which the

---

[3] Counsel offer different views concerning whether petitioners had previously suggested they may not have an expert — an assertion petitioners steadfastly deny. Those differences are of no relevance to our decision; however, we do note that the transcript reflects that, in January 2000, Dover acknowledged petitioners had given Dover notice that they would call three experts to testify.

city or town is situated *and shall name the persons authorized to act on behalf of the petitioners.*

Ark. Code Ann. § 14-40-610(a) (Repl. 1998) (emphasis added).

██ Dover argues the petitioners did not comply with the statute. Dover points to the testimony of a number of the persons who signed the annexation petition, stating these petitioners indicated they had not been told they were required to appoint someone to act on their behalf and did not know they were appointing an agent. However, most of these same witnesses also testified that they were aware someone was to be authorized to act in their behalf, and many of these witnesses specifically stated they understood that agent was Alex Streett. The petition itself specifically acknowledged that the landowners signing the petition named Streett as their attorney and representative. The trial judge heard all of the evidence and testimony and found the petitioners had named Streett their agent as required by § 14-40-601. We cannot say the judge's finding was clearly erroneous.

Dover next argues the trial judge erroneously denied Dover the right to depose Alex Streett and to call him as a witness. As set out in point three above, Dover argues there were some landowners who claimed they had no idea Alex Streett was their agent or that they had appointed him as an agent. Dover urges it had the right to examine Streett concerning the inconsistencies in the testimonies on this point.

██ Our Model Rules of Professional Conduct explicitly provide that an attorney "shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." *See* Model Rules of Professional Conduct 3.7; *see also Int'l Resource Ventures, Inc. v. Diamond Mining Co. of America*, 326 Ark. 765, 934 S.W.2d 218 (1996). Given this strong proscription against attorneys acting as witnesses, and given the wide latitude afforded to trial courts in ruling on discovery matters, *see Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001) (a trial court's decision on discovery issues will not be reversed absent an abuse of discretion), it cannot be said that the trial judge here abused his discretion. Dover took every opportunity in examining the petitioners/landowners to develop any inconsistencies it believed occurred regarding whether they knew Streett or someone would act in their behalf. In its argument three above, Dover referred to nineteen petitioners' testimonies to make its point. Dover made no attempt to offer any

testimony Streett would render that would differ from the considerable evidence it elicited from the landowners. It is not reversible error to exclude evidence which is merely cumulative. *See* Rule 403 of the Arkansas Rules of Evidence.

In Dover's fifth point for reversal, it urged that the petitioners failed to prove that a majority of the landowners petitioned the county court for annexation as required by § 14-40-601. In making this argument, Dover contends the petitioners' evidence before the Pope County Court fell short. As we fully discussed earlier in this opinion, Dover filed a complaint in circuit court to prevent the petitioners' annexation, and it is this court's responsibility on appeal to decide whether the circuit court's findings of fact are clearly erroneous. *See City of West Memphis v. City of Marion*, 332 Ark. 421, 965 S.W.2d 776 (1998). Because our review is one from the circuit court, we are unable to address Dover's argument here, since it erroneously requires our review of the county court proceeding.

In argument six, Dover claims the trial judge erred by allowing the petitioners to amend in circuit court the annexation petition it previously filed in the Pope County Court. In the circuit court proceeding, Dover raised questions concerning whether a majority of the landowners in the proposed area had actually signed the original petition for annexation. For example, there were spouses listed as owning property, but only one spouse signed the petition for both. After Dover questioned the validity of the petitioners signing the petition in a representative capacity, petitioners attached affidavits from the landowners indicating they had the authority to sign as agents for co-owners or owners. In addition, the persons who signed those affidavits also testified live at trial or by deposition that they had such authority.

Dover's complaint here is based on its contention that the annexation laws in §§ 14-60-601 to -606 (Repl. 1998) do not provide petitioners the authority to amend their original petition to correct any deficiencies later found therein. Dover continues its argument, stating the trial judge essentially turned the proceeding into a trial *de novo* with the petitioners being given the opportunity to correct each and every deficiency discovered and pointed out by Dover.

In discussing this court's standard of review above, we pointed out that the circuit court's proceeding triggered by Dover's complaint to prevent petitioners' annexation is, indeed, a *de novo*

one. This being so, we conclude the trial judge was correct in considering the additional evidence offered by petitioners, and again, we are unable to hold he was clearly erroneous in allowing petitioners the opportunity to rebut the questions raised by Dover concerning the validity of the landowners' signing for their respective co-owners.

Dover next argues the petitioners failed to prove in circuit court that a majority of the landowners petitioned the county court for annexation. Again, the way Dover frames its argument is wrong. The burden of proof in an action to prevent annexation is placed on the remonstrants — here, Dover — to prove the area should not be annexed. *Carden*, 332 Ark. 346-347.

In support of its argument, Dover relies on the testimony of land surveyor, Danny Hale, wherein Hale said that he relied on deeds given to him to determine who the landowners were in the proposed annexed area, and that he made no independent verification of that information. However, Dover ignores Hale's further testimony that basing his determination of the percentage of property owners who signed the petition on the information received from deeds was "a normal procedure for [his] line of work." Hale further averred that he had no question in his mind that the required number of landowners signing the petition and that the total acreage owned by these landowners in the affected area met the requirements in § 14-40-601. Further, Dover did nothing to show, as it was required to do, that at least fifty percent of the landowners in the proposed annexed area *did not* execute the petition. Instead, Dover largely attempts to attack Hale's credibility and the manner in which Hale obtained his information when opining that the landowners had met the statutory requirements in § 14-40-601. Of course, the trial judge heard this testimony and other evidence, and we believe there was sufficient evidence to sustain the trial judge's ruling on this point.

Dover's eighth point is similar to point six above. Here, it argues the trial judge erred in holding there were sixty-seven landowners, of whom forty (59%) signed the petition personally or through agents. Dover contends that nine of the forty landowners did not personally sign the petition, and with those nine excluded, less than the required majority of landowner signatures were obtained.

Once again, our review of the record reflects that only one of the persons Dover mentions in its argument did not testify

regarding her spouse's authority to sign the annexation petition, and this reduction does not make the tally less than the required fifty percent. Moreover, while Dover suggests the statutory law does not allow a landowner's name to be signed by an agent such as an authorized spouse, it offers no citation of authority or convincing argument to support its view.

Also similar to prior arguments, Dover next submits trial error occurred when the trial judge found the petitioners owned a majority of the total acreage to be annexed. Dover lists thirteen of the landowners' tracts and pointed out that not all of the listed owners signed the petition. It claims these thirteen tracts comprised 194.96 acres and, because the proposed area totaled only 287.92 acres, the required majority was not achieved.

■ The trial court found that the total acreage owned by the petitioners in the area to be annexed was 233.3 acres, or 81% of the land. Our review of the record reflects affidavits, testimony, live or by deposition, and other evidence showing all but one of the thirteen tract owners had authorized an agent to sign the petition. One owner of a .95 acre tract could not recall "why he didn't have his wife sign," but subtracting that acreage still leaves a total of 232.35 acres, or 80.61% of the area to be annexed.

■ Finally, Dover argues that the area to be annexed was not contiguous to the City of Russellville because the strip of land connecting the annexation area to the city was owned by Wayne Baker, who was originally a party to this action, and who did not sign the petition. Dover contends that § 14-40-601 requires that one or more of the petitioners must own property that is contiguous to the city limits of the city into which the petitioners wish to be annexed. Because Baker did not join the petition, Dover urges the petition was fatally defective. However, no such requirement exists in the statute which simply states that *"the majority of the real estate owners of any part of a county contiguous to* and adjoining *any city* or incorporated town . . . may apply"* for annexation. *See* § 14-40-601(a)(emphasis added). In other words, the statute contains no language requiring the contiguous portion of the proposed annexed acreage be owned by one of the petitioners; thus, we decline to give the statute the strained interpretation sought by Dover. Accordingly, we uphold the trial judge's ruling on this point.

For the foregoing reasons, we uphold the circuit court on all its rulings and decisions and affirm.