David LOONEY *v.* Kay RABY

CA 07–49                                          268 S.W.3d 345

Court of Appeals of Arkansas
Opinion delivered November 14, 2007

*Butler, Hicky & Harris,* by: *Andrea Brock,* for appellant.

*Hale, Holitik & Young,* by: *James C. Hale, III,* and *Laura E. Partlow; Rieves, Rubens & Mayton,* by: *Kent J. Rubens,* for appellee.

JOHN B. ROBBINS, Judge. The Crittenden County Circuit Court rejected appellant David Looney's objections to a writ of execution and affirmed a sale held pursuant to the writ. Mr. Looney now argues that the court erred in (1) denying his motion for a continuance; (2) relating appellee Kay Raby's substitution as the real party in interest back to the date of the writ; (3) ruling that Mr. Looney's response to the writ of execution did not comply with Ark. Code Ann. § 16-66-301; (4) ruling that the Arkansas Farm Mediation Act did not apply to this case; and (5) enforcing the sale where the sheriff failed to follow the statutory requirements in levying execution. We find no error and affirm.

### Background Facts

On July 23, 1997, the Bank of West Memphis obtained a judgment against David Looney for $58,079.67, plus interest and attorney fees, due to nonpayment of a promissory note. Writs of garnishment were issued but not pursued, and the record reflects no further activity on the case for seven years.

In 2004, the Bank's successor-in-interest, the National Bank of Commerce, assigned the judgment to Bill McAuley, III, and McAuley assigned it to appellee Kay Raby on February 11, 2005. Ms. Raby immediately began collection efforts, procuring, among other writs, the February 22, 2005, writ of execution that is the subject of this appeal. The writ of execution listed the Bank of West Memphis as the plaintiff, despite the assignment to Raby, and commanded the sheriff to seize various property from Mr. Looney, including his stock in Arkansas Environmental Waste Recycling Corporation (the Corporation) and Riverside Environmental Disposal, LLC (the LLC). Mr. Looney responded on March 17, 2005, pleading the defenses of exemption, accord and satisfaction, laches, estoppel, payment, release, and violation of the Arkansas Farm Mediation Act.

A hearing on Mr. Looney's response and other matters was set for August 10, 2005. Before that date, the sheriff issued a notice that Mr. Looney's interest in the Corporation and the LLC would be sold on August 22, 2005.

On August 9, 2005, the day before the hearing, Mr. Looney's counsel, Richard West, moved to withdraw from the case. Mr. West stated that the case had evolved into a complex matter that he was unqualified to handle. Based on his counsel's motion to withdraw, Mr. Looney moved for a continuance and stated that he was currently seeking a new attorney. The trial court reluctantly continued the hearing until September 8, 2005, and gave Mr. Looney the option of stopping the August 25 sale by posting a bond. Mr. Looney did not do so. The sale took place, and Kay Raby purchased Mr. Looney's stock in the Corporation and his membership units in the LLC for a total of $2000.

At the September 8 hearing, Mr. Looney again requested a continuance on the ground that his new attorney, hired on September 2, had not had time to prepare. That motion was denied. The hearing went forward, and the court considered Mr. Looney's defenses to the writ of execution. The court also heard Ms. Raby's motion to substitute herself as the real party in interest and to have that substitution relate back to the February 22, 2005, writ. Following the hearing and briefing on some issues, the court entered an order on June 19, 2006, substituting Ms. Raby as the real party in interest; declaring that Mr. Looney did not properly challenge the writ under Arkansas law; finding that the Arkansas Farm Mediation Act did not apply; and "affirming" the August 25, 2005, sale of Mr. Looney's interest in the Corporation and the LLC. Mr. Looney appeals from that order.

### Denial of Continuance

Mr. Looney first argues that the trial court erred in denying his motion to continue the September 8, 2005, hearing. He claims that his new counsel had insufficient time to prepare for the hearing and that he was deprived of the opportunity to subpoena witnesses and file amended pleadings.

The grant or denial of a motion for continuance is within the sound discretion of the trial court. *City of Dover v. City of Russellville*, 346 Ark. 279, 57 S.W.3d 171 (2001). The court's decision on a continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. *See id.* An appellant must show prejudice from the denial of a continuance, and when a motion is based on a lack of time to prepare, the appellate court considers the totality of the circumstances. *See id.*

We find no abuse of discretion here. The continuance of the hearing from August 10 to September 8 was at Mr. Looney's

request. The court expressed misgivings but allowed the continuance based on Mr. Looney's assurances that he would have new counsel by that time:

> COURT: Mr. Looney, do you understand if I allow Mr. West to withdraw you have less than a month to find a lawyer that will be ready to go because I am not going to continue this again?

> LOONEY: Yes, sir. I have probably met so many lawyers in town that will not only take me but will do a good job.

> COURT: What is your position about Mr. West requesting to withdraw?

> LOONEY: I understand that it has grown so much in the past week that it has overwhelmed him and it has overwhelmed me. I might have to hire two people just to take his place. I can understand where he is coming from but I will hire me an attorney soon.

> COURT: At least at this point so you will have somebody. I am not allowing you [Mr. West] to withdraw. If you don't get anybody, it will be Mr. West whether he feels confident or not.

Despite being forewarned that he had a short time within which to find a new attorney and that the court would not continue the September 8 hearing, Mr. Looney did not secure new counsel until September 2. He then sought another continuance on the day before the hearing, asserting a lack of time to prepare. This lack of diligence alone was sufficient cause to deny a continuance. *See id.*[1]

■ Additionally, Mr. Looney does not demonstrate prejudice from the lack of a continuance. His new counsel ably examined and cross-examined witnesses at the hearing and made

---

[1] Mr. Looney argues that he underwent surgery sometime after August 10, but he cites no such testimony in the record as abstracted; nor was this pled as a ground in his motion for a continuance. Looney's counsel told the court, "If I could say one thing on his behalf, he has had surgery in the meantime and has had some difficulty in being able to find counsel," but we do not consider that statement evidence, *see Alltel Ark., Inc. v. Ark. Pub. Serv. Comm'n,* 70 Ark. App. 421, 19 S.W.3d 634 (2000), and we cannot ascertain from that statement the nature of Mr. Looney's surgery and how he was prevented from finding an attorney.

cogent arguments on all points. Further, the primary issues in this case were addressed either in post-hearing briefs or at the August 10 hearing, where Mr. Looney was represented by Mr. West. Moreover, Mr. Looney's claim that he was deprived of the opportunity to subpoena witnesses or file amended pleadings is not well taken. Until September 2, he continued to be represented by Mr. West, who could have obtained subpoenas or filed any amendments.

Based on the totality of the circumstances, we find no abuse of discretion in the trial court's denial of the continuance.

### Relation Back of Substitution of Real Party In Interest

The February 22, 2005, writ of execution named the original judgment creditor, the Bank of West Memphis, as plaintiff even though the judgment had been assigned to appellee Kay Raby. On September 7, 2005, Ms. Raby asked to be substituted as the real party in interest and that her substitution relate back to the February 22, 2005, writ. Mr. Looney argues that Ms. Raby's status as the real party in interest should not relate back and that the February 22 writ, bearing the name of the Bank of West Memphis as plaintiff, is a nullity.

We have some doubt that Mr. Looney's argument is preserved for appeal. The trial court did not clarify until after entry of the order appealed from that the substitution related back to the issuance of the writ. In any case, the Arkansas Rules of Civil Procedure permit relation back in this instance.[2] Rule 25(c) provides that, in the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted. Rule 17(a) provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest "until a reasonable time has been allowed after objection for ratification of commencement of the action by . . . or substitution of, the real party in interest." The rule further declares that such substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest."

---

[2] Neither party argues that the Rules of Civil Procedure do not apply to execution proceedings.

Additionally, Ark. R. Civ. P. 15(c)(1) states that amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." At the time Ms. Raby moved to substitute herself as the real party in interest, she did not change the nature of her claim; she was pursuing execution of the same judgment that was the subject of the February 2005 writ. Her efforts therefore arose out of the same "conduct, transaction, or occurrence" that existed when the original writ of execution was issued.[3]

### Challenging the Writ Under Ark. Code Ann. § 16-66-301

Arkansas Code Annotated section 16-66-301(a) (Repl. 2005) provides:

> If any person against whom any execution has been issued applies to the judge of the court out of which the execution or order of sale was issued, by petition verified by affidavit, setting forth good cause why the execution ought to be stayed, set aside, or quashed, reasonable notice of the intended application having been previously given to the adverse party or his or her agent or attorney of record, the judge shall, upon the application, hear the complaint.

Mr. Looney did not file a petition verified by affidavit; he filed a simple response listing his defenses to the writ. The trial court ruled that Mr. Looney's response failed to comply with the above statute, and Mr. Looney argues that this ruling was erroneous. We disagree.

Section 16-66-301(a) and its accompanying statutes contain the exclusive means of staying or vacating writs of execution, and all other means are excluded. *See Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989); *Taylor v. O'Kane*, 185 Ark. 782, 49 S.W.2d 400 (1932). It is undisputed that Mr. Looney did not file a petition verified by affidavit as the statute requires. It also appears that, despite the court's ruling that Mr. Looney's response did not comply with the statute, the court considered most if not all of the pled defenses at the September 8, 2005, hearing. Thus, we see no reason for reversal on this point.

---

[3] Rule 15(c)(2) contains a provision concerning relation back when the names of parties are changed, but that provision applies to a change in the name of a party *against whom* a claim is asserted.

## Farm Mediation Act

Arkansas's Farm Mediation Act, codified at Ark. Code Ann. §§ 2-7-101 to 310 (Repl. 1996), provides that, in connection with secured indebtedness of $20,000 or more, no proceeding against a farmer shall be commenced to enforce any judgment against agricultural property unless the creditor has first obtained a release. Ark. Code Ann. § 2-7-302 (Repl. 1996). In the absence of a release, the creditor must, prior to the commencement of a proceeding, give notice to the farmer that he may request mandatory mediation. Ark. Code Ann. § 2-7-303 (Repl. 1996). The trial court ruled that the Act did not apply in this case. We agree.

The Act defines a "farmer" as:

> any person who is engaged in farming or ranching, who has at least twenty thousand dollars ($20,000) in outstanding agricultural loans that are secured by real estate, crops, livestock, farm machinery, or other agricultural supplies, and who either:
>
> (A) Owns or leases a total of fifty (50) acres or more of land that is agricultural property; or
>
> (B) Has had gross sales of farm products of at least twenty thousand dollars ($20,000) in any of the preceding three (3) years.

Ark. Code Ann. § 2-7-102(4). "Farming" or "ranching" means the employment or operation of real property for the production of agricultural products. Ark. Code Ann. § 2-7-102(5).

Mr. Looney testified that, among the tracts of real estate mentioned in the writ of execution, at least eighty acres were used as farmland to grow soybeans, and that he leased this land to tenant farmers. He also testified that he had over $20,000 in outstanding agricultural loans. However, he did not make it clear that those loans were "secured by real estate, crops, livestock, farm machinery, or other agricultural supplies" as required in the definition of a "farmer." Further, as Ms. Raby points out, that portion of the Act requiring a release from mediation before proceeding against a farmer applies "in connection with a secured indebtedness of $20,000 or more." Ark. Code Ann. § 2-7-302. Mr. Looney has not shown that this proceeding was in connection

with a secured indebtedness. In fact, it was simply an execution on a judgment. The trial court, therefore, did not err in refusing to apply the Act to this case.[4]

### Sheriff's Failure to Properly Levy Execution

Mr. Looney argues that the sheriff did not endorse the February 22, 2005, writ or return it within sixty days, as required by statute. *See* Ark. Code Ann. § 16-66-110 (Repl. 2005); Ark. Code Ann. § 16-66-416(a) (Repl. 2005). The trial court did not rule on this argument in the order appealed from. We therefore do not consider it. *See Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987).

The trial court's order is affirmed in all respects.

Affirmed.

VAUGHT and BAKER, JJ., agree.

---

[4] The question of whether the Act would have applied to the original action on Mr. Looney's indebtedness is not at issue. The Bank of West Memphis obtained a release from mandatory mediation before suing Mr. Looney in 1997. *See* Ark. Code Ann. § 2-7-310 (Repl. 1996).