Larry GRIFFIN, Appellant,

v.

Paul DELO, Appellee.

No. 90–2377.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1991.

Decided April 14, 1992.

Daniel J. Gralike, Columbia, Mo., argued, Kent E. Gipson, Kansas City, Mo., for appellant.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, Mo., argued (William L. Webster, Atty. Gen., on brief), for appellee.

Before BEAM and FLOYD R. GIBSON, Circuit Judges and URBOM,* Senior District Judge.

PER CURIAM.

We grant the petition for rehearing filed by the appellant, vacate our prior opinion, and file this opinion as our amended judgment.

Larry Griffin appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Griffin initially argued for reversal on grounds that (1) he was denied due process, (2) he received ineffective assistance of counsel at trial, and (3) he was denied his right to confront an adverse witness. We affirmed the district court's denial of the petition.

The petitioner has now filed a pro se petition for rehearing, arguing that he was denied effective assistance by appointed counsel at trial and on direct appeal. In addition, he contends that counsel appointed to represent him during post-conviction and federal habeas proceedings failed to provide effective assistance. The latter counsel sought, and was granted, leave to withdraw.

New counsel was appointed and has now raised claims of constitutional violations during trial and appeal which may have merit and, therefore, warrant further review. We remand to the district court with directions that appellant be permitted to raise the new claims asserted in the request for rehearing.

Appellant's first appointed counsel represented him during trial and on direct appeal. A second attorney was appointed for post-conviction proceedings and was reappointed for federal habeas proceedings. A third attorney now represents appellant fol-

---

* The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation.

lowing the withdrawal of prior counsel. According to appellant, the second attorney failed to provide effective assistance at both the post-conviction and habeas proceedings (1) by inadequately presenting and arguing issues before this court, and (2) by failing to recognize and raise a number of valid constitutional issues apparent from the record. Appellant makes specific note of several examples of this alleged ineffectiveness but does not attempt to provide an exhaustive list of such instances.

We do not reach the merits of the appellant's assertions. We find it sufficient to say that counsel may not have recognized and presented issues of constitutional dimension during the post-conviction and habeas proceedings. Counsel may have also failed to adequately bolster claims actually raised. In light of the death sentence under which appellant labors and our granting of permission for his second attorney to withdraw, we believe that a remand with directions to allow the petitioner to raise additional issues for consideration by the district court is the most prudent course.

We conclude that appellant should have a reasonable opportunity to present his claims of constitutional error, subject, of course, to all claims and defenses available to the appellee. Accordingly, we retain jurisdiction of this matter, vacate the order of the district court and remand for further proceedings consistent with this opinion. The district court shall, within 180 days, consider new claims, defenses and certify its final consideration of this matter to this court.