# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  04-3485

_____

Frank Williams, Jr.,

        Plaintiff - Appellant,

v.

Larry Norris, Director, Arkansas
Department of Correction,

        Defendant - Appellee.

Appeal from the United States
District Court for the Eastern
District of Arkansas.

_____

Submitted: January 11, 2006
Filed: August 22, 2006

_____

Before LOKEN, Chief Judge, MCMILLIAN[1] and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

      Frank Williams, Jr., sought habeas relief in the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 2254.  The district court[2] denied relief, and Williams filed additional motions requesting relief from judgment

_____

[1]The Honorable Theodore McMillian died on January 18, 2006.  This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

or requesting the judgment be altered or amended. Those motions were dismissed as second or successive habeas petitions. Williams timely appealed the denial of habeas relief and the dismissal of his subsequent motions. We affirm.

I.

Williams shot and killed Clyde Spence in Bradley, Arkansas, on October 7, 1992. Spence was a farmer who employed Williams and was extremely generous to him over the years. Earlier on the day of the shooting, Spence fired Williams for breaking a tractor.

Williams went to trial on February 9, 1993. Williams was convicted of capital murder, and an Arkansas jury sentenced him to death on February 12, 1993. Williams's sentence and conviction were affirmed by the Arkansas Supreme Court. Williams v. Arkansas, 902 S.W.2d 767 (Ark. 1995), cert. denied 516 U.S. 1030 (1995). Williams's state court petition for post-conviction relief was also denied, and the denial was affirmed. Williams v. Arkansas, 56 S.W.3d 360 (Ark. 2001).

Williams's original petition for a writ of habeas corpus was filed on August 9, 2002. The case was transferred to a new district judge on June 2, 2004. On July 12, 2004, the district court denied the petition.

On July 26, 2004, Williams filed a motion to alter or amend the judgment, or, in the alternative, for relief from judgment. This motion was denied on August 16, 2004. On August 23, 2004, Williams filed a motion to substitute counsel. Before the district court ruled on this motion, Jenniffer Horan, the Federal Public Defender for the Eastern and Western Districts of Arkansas, filed a motion on Williams's behalf. This motion, filed September 10, 2004, was a renewed motion for relief from judgment. The court accepted the motion, but deemed it a successive habeas petition. The district court denied the motion on September 20, 2004. In its order denying the

motion, the court granted the Federal Public Defender Office permission to serve as substitute counsel for Williams.

The September 2004 motion raised for the first time the claim that Williams could not be executed as a result of the United States Supreme Court's ruling in Atkins v. Virginia, 536 U.S. 304 (2002). Atkins, which was decided on June 20, 2002, prohibits the execution of the mentally retarded. Arkansas also has a statute which prohibits execution of the mentally retarded. Ark. Code Ann. § 5-4-618 (2006). This statute was passed in 1993, after Williams's trial, but before he had completed his direct appeals.

On October 18, 2004, the district court issued a certificate of appealability on the issue of whether Williams could argue his claim of mental retardation at this stage of the proceedings.

II.

The district court's determination that Williams's motion for relief from judgment constituted a second or successive habeas was a conclusion of law. We review conclusions of law de novo. King v. Bowersox, 291 F.3d 539, 540 (8th Cir. 2002).

Williams offers four reasons his motions do not constitute second or successive habeas petitions. First, he asserts the denial of relief was not a "final judgment" in that an opinion was issued but no separate document labeled as a judgment was filed pursuant to Rule 58. Fed. R. Civ. P. 58. Second, he notes the denial of relief had not yet been affirmed on appeal. Third, he claims he received ineffective assistance of counsel in filing his initial petition. Fourth, he argues that his motions attack deficiencies in the habeas proceedings rather than the underlying conviction. We address these arguments in turn.

A. The Absence of a Final Judgment

Williams's strongest argument revolves around the fact that the district court did not file a separate judgment, as required by Rule 58,[3] when denying Williams's initial petition. As such, Williams contends the denial was not a final judgment. Williams asserts that, in the absence of a final judgment, his Rule 59(e) motions to alter or amend the judgment and his Rule 60(b) motions for relief from judgment should have been treated as motions to amend the initial habeas petition under Rule 15. Fed. R. Civ. P. 15, 59(e), 60(b). Rule 15 states that "leave [to amend] shall be freely given when justice so requires."

The separate-document requirement of Rule 58 is to be mechanically applied, Powell v. Georgia-Pacific Corp., 90 F.3d 283, 284 (8th Cir. 1996), and it is "more than a mere formality." Moore v. Warwick Pub. Sch. Dist. No. 29, 794 F.2d 322, 323 n.1 (8th Cir. 1986). Thus, there is no question that the district court's failure to file the separate document required by Rule 58 means that the time period in which Williams would have had to file an appeal did not begin. See id. It is a separate question, however, as to whether the order of the district court was a final judgment for the purpose of determining whether additional motions should be deemed second or successive habeas petitions.[4]

The United States Supreme Court has said that "[t]he sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U.S.C. § 2107 begins to run." Bankers Trust Co.

---

[3]Rule 58 was amended in 2002 so that a judgment is deemed final, even in the absence of a separate document, after 150 days have passed. This amendment has no impact on this case as Williams's motions were filed within 150 days of the denial of the initial habeas petition.

[4]We note at the outset that Williams has not alleged any prejudice as a result of the district court's failure to enter a separate document.

v. Mallis, 435 U.S. 381, 384 (1978).  Additionally, the Sixth Circuit has noted that it is not unusual for a Rule 59(e) motion to predate the formal entry of judgment.  Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979) (stating "the plaintiffs' motion cannot be read out of Rule 59(e) solely because it was prematurely filed," and rejecting the defendants' argument that the plaintiffs' motion could not properly be treated as a Rule 59(e) motion because it was made prior to the entry of judgment).  The Eighth Circuit has not yet considered the impact of the failure to file a separate judgment in a habeas proceeding, but the issue has been addressed by the Ninth Circuit.

In Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995), Bonin filed a motion to amend his habeas petition after the district court had already denied the petition.  Id. at 847.  Bonin claimed that because the district court had failed to comply with the separate judgment requirement of Rule 58, his motion to amend should have been considered under Rule 15(a) rather than Rule 60(b). The Ninth Circuit rejected Bonin's argument stating, "There is no reason why the district court's failure to comply with the separate judgment requirement of Rule 58 should have any bearing on whether Bonin's motion should have been considered under Rule 15(a) or Rule 60(b)."  Id.  The Ninth Circuit went on to state, "Although entry of judgment on a separate document pursuant to Rule 58 triggers the running of the time limit for filing a notice of appeal and for filing postjudgment motions, the district court's order marked the appropriate threshold between prejudgment and postjudgment motions." Id.  We agree with this analysis.

The Eleventh Circuit has considered a related issue.  Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999), addressed the district court's dismissal of Dunn's petition as a second or successive application prohibited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Id. at 441.  Dunn claimed this dismissal was improper because the clerk of court had noted that his prior petition was dismissed without prejudice.  The Eleventh Circuit determined that the prior petition had, in fact,

been denied on the merits and the clerk's entry was in error. <u>Id.</u> at 442. The court stated:

> We hold that the § 2244(b) inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings-on what actually happened. Allowing Dunn to re-litigate his habeas corpus petition because of a mere scrivener's error would subvert the purpose of the AEDPA's "gatekeeping" provisions: to restrict habeas petitioners from taking multiple bites at the apple.

<u>Id.</u> If an erroneous clerk's entry does not prevent a petition from being deemed a second or success habeas application, it follows that the absence of a clerk's entry should not prevent the same result. When we consider "what actually happened," it is clear that the district court intended its July 12, 2004, order to dispose of Williams's petition on the merits. As such, we find that the district court correctly dismissed Williams's Rule 59(e) and 60(b) motions as de facto successive habeas petitions.

B. Ineffective Assistance of Counsel Claim

Prior to the passage of AEDPA in 1996, the subsection of 28 U.S.C. § 2244 that dealt with successive habeas petitions stated:

> a subsequent application for a writ of habeas corpus . . . need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

28 U.S.C. § 2244(b) (1995). The subsection as amended by AEDPA states:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (2006).

Williams argues that although AEDPA changed the requirements for granting leave to file a second or successive habeas petition, it did not change the definition of the term "second or successive habeas petition."  Williams thus claims that we can look to pre-AEDPA case law to determine what constitutes a second or successive petition.  Based on this argument, Williams relies on the holding in Griffin v. Delo, 961 F.2d 793 (8th Cir. 1992), to assert the claim that an amendment to a habeas petition is not second or successive when the petitioner's initial habeas counsel was ineffective.  Williams's reliance on Griffin is misplaced.

In Griffin, we did allow the petitioner to amend his habeas petition because his habeas counsel "may not have recognized and presented issues of constitutional dimension."  Id. at 794.  We did not, however, state that such an amendment would not constitute a second or successive petition.  In fact, when the same Eighth Circuit panel heard the case again on appeal, it stated that upon remand, Griffin had "filed a

second amended petition." <u>Griffin v. Delo</u>, 33 F.3d 895, 900 (8th Cir. 1994).  Because we do not interpret either <u>Griffin</u> opinion to offer any alternative definitions as to what constitutes a second or successive habeas, we continue to believe that Williams's motions did constitute successive habeas petitions for the reasons already discussed.

## C. The Pending Appeal of the Petition

Williams also argues that his motions were not successive habeas petitions because the denial of his initial petition had not yet been affirmed on appeal. We believe this argument is precluded by our holding in <u>Davis v. Norris</u>, 423 F.3d 868 (8th Cir. 2005).  In <u>Davis</u>, the petitioner sought to have this court remand his case to the district court for consideration of an <u>Atkins</u> claim.  Although the denial of his initial petition had not yet been affirmed on appeal, we declined to remand.  <u>Id.</u> at 879 ("Since [the petitioner] could have raised his <u>Atkins</u> claim in the district court, it was not previously unavailable to him, and his second or successive habeas petition must be dismissed under 28 U.S.C. § 2244(b)(2).").

Williams asserts that the holding in <u>Davis</u> is contradictory to the holding in <u>Nims v. Ault</u>, 251 F.3d 698 (8th Cir. 2001).  In <u>Nims</u>, the petitioner's original habeas petition had been denied by the district court, but, before the decision was heard on appeal, the petitioner asked us to remand the case so that he could file an amended petition and raise a new claim of juror misconduct.  <u>Nims v. Ault</u>, 251 F.3d at 700. We granted the remand.  After the district court dismissed the claim as procedurally barred, Nims appealed.  Contrary to the urging of the dissent, we decided Nims's claim on its merits rather than dismissing it as a second or successive petition.  <u>Id.</u> at 703.

Although we granted a remand in Nims, we did so in 1992, prior to the passage of AEDPA. As such, at the time of the remand we expected the petitioner to be able to later raise both his original and amended claims on appeal. Nims, 251 F.3d at 705 (Bye, J., dissenting). Davis presented a different situation in that the petitioner's request for a remand occurred after the passage of AEDPA. Davis, 423 F.3d 878-79. Thus, we believe the holdings of Davis and Nims can be reconciled.

Additionally, in the event that we were required to choose between the holdings in Nims and Davis, we would elect to follow Davis as it is more recent, it offers a more detailed analysis of this specific issue, and it is more similar to Williams's case in both its procedural history and the nature of the claim raised. Accordingly, we reject Williams's claim that an amendment to a petition is not a successive habeas if it occurs after the petition is denied, but before the denial is affirmed on appeal.

D. The Motions Attack Deficiencies in the Habeas Proceedings

Williams's final argument is that his motions were not successive petitions because they challenged deficiencies in the habeas proceedings rather than directly attacking his underlying conviction and sentence. Williams concedes that his Rule 60(b) motion is deemed a de facto successive habeas petition pursuant to the United States Supreme Court's ruling in Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (2005). However, Williams argues that Gonzalez does not dictate that his Rule 59(e) motion is also a successive habeas petition.

We believe this argument is foreclosed by our holding in Bannister v. Armontrout, 4 F.3d 1434 (8th Cir. 1993). In Bannister, we stated: "A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Id. at 1440 (internal quotations omitted).

Although <u>Bannister</u> is a pre-AEDPA case, none of our recent cases have called it into question. Furthermore, AEDPA has made it more difficult for petitioners to succeed on habeas claims, so the fact that <u>Bannister</u> is pre-AEDPA does not weaken its holding.

III.

We have carefully considered all of the arguments raised by Williams including any arguments not directly addressed in this opinion. For the foregoing reasons, we affirm the judgment of the district court. Because we agree with the district court that Williams's motions constitute successive habeas petitions, we need not address the state's arguments that Williams's claims are beyond the scope of the certificate of appealability, procedurally defaulted, or time-barred.

_____