**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11238
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EPHREN TAYLOR, II,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cr-00217-TCB-AJB-1

_____

Before JILL PRYOR and WILSON, Circuit Judges, and RUIZ,* District Judge.

RUIZ, District Judge:

---

* The Honorable Rodolfo A. Ruiz II, United States District Judge for the Southern District of Florida, sitting by designation.

When it comes to federal habeas petitions, finality matters. Without it, applications for habeas relief can quickly become unwieldy. To promote finality, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(b) and 2255(h), provides strict gatekeeping requirements for "second or successive" habeas filings. Exactly *when* these gatekeeping requirements kick in is the subject of this appeal, which involves between fifteen and twenty separate *pro se* motions and filings across two courts and three appeals. The lamentable procedural complications here illustrate just how important these gatekeeping requirements are for the orderly adjudication of postconviction claims in federal court.

As explained below, we affirm the District Court's denial of a slew of 28 U.S.C. § 2255 motions advanced by Ephren Taylor, II as unauthorized second or successive filings barred by 28 U.S.C. § 2244(b). But we vacate as to the District Court's denial of Taylor's Motion to Modify Conditions of Release and remand for further consideration.

## I.

Until 2010, Taylor served as the CEO of City Capital Corporation. As part of City Capital's operations, Taylor promoted promissory notes and investments that involved sweepstakes machines through events such as his "Building Wealth Tour." Taylor focused his sales pitches on African American and Christian communities. Taylor falsely represented the revenues and returns of his touted investments, which were not invested as promised.

Instead, the investments were used to pay ongoing business expenses, including salaries and other payments.

City Capital depended on a continuous stream of investor funds, which dried up in 2010 and caused investors to lose their money. Taylor's operation, described as "a Ponzi scheme designed to build his own personal wealth," involved over 400 victims who lost over $16 million. *See Ephren Taylor Sentenced to Federal Prison*, U.S. Att'y's Off. for the N. Dist. of Ga., (Mar. 17, 2015), https://perma.cc/CLY3-LSNS.

In June 2014, the Department of Justice indicted Taylor on fifteen counts related to the fraudulent investment schemes he promoted in his capacity as City Capital's CEO. In October 2014, Taylor pleaded guilty to one count of conspiracy to commit wire fraud and mail fraud under 18 U.S.C. §§ 1341 and 1349. The District Court sentenced him to 235 months' incarceration, three years of supervised release, and ordered him to pay $15,590,752.81 in restitution. Taylor's sentence was later reduced to 223 months. *United States v. Taylor*, 727 F. App'x 979 (11th Cir. 2018) (per curiam) (affirming the District Court's reduction of Taylor's sentence pursuant to FED. R. CIV. P. 35(b)).

## II.

On March 21, 2016, Taylor, proceeding *pro se*, filed a § 2255 motion alleging ineffective assistance of counsel (grounds one through four) and various errors by the District Court (grounds five through seven). Taylor argued that his trial counsel 1) improperly advised him on the plea agreement and possible sentencing

enhancements before he pleaded guilty; 2) failed to object to three of Taylor's sentencing enhancements; 3) failed to raise at sentencing Taylor's ongoing use of Xanax and alcohol; and 4) failed to raise at sentencing, or seek a reduced sentence based on, Taylor's cooperation with the Government. Taylor also alleged three errors on the District Court's part, including 1) accepting his guilty plea before the Pre-Sentence Investigation Report ("PSR") was completed; 2) participating in plea negotiations; and 3) failing to consider the United States Sentencing Guidelines and 18 U.S.C. §§ 3553 and 3661 during sentencing. The Government responded in opposition to all of Taylor's arguments.

On March 6, 2019—nearly three years after Taylor filed his § 2255 motion—the District Court adopted a Report and Recommendation ("R&R") denying the motion over Taylor's objections.[1] In overruling Taylor's objections, the District Court concluded that the R&R's "factual and legal conclusions were correct." The R&R determined that the District Court's purported errors (grounds five through seven) were procedurally defaulted because Taylor failed to raise them on direct appeal or show cause and actual prejudice or proof of actual innocence to overcome the default. The appeal waiver included in the plea agreement also barred these arguments.

As for the ineffective assistance of counsel grounds (one through four), the R&R concluded that 1) any grounds concerning

---

[1] On July 2, 2018, the case was reassigned to Judge Timothy C. Batten from Senior Judge William S. Duffey, Jr. due to Judge Duffey's retirement.

counsel's assistance before Taylor pleaded guilty were waived unless he could prove his plea was involuntary, which he could not do; 2) Taylor either agreed with the contested enhancements or requested an objection be withdrawn; 3) Taylor's drug use was included in the PSR and he was recommended for a drug-treatment program; and 4) trial counsel had raised Taylor's cooperation at sentencing but only the Government could seek a reduced sentence. Accordingly, the R&R determined that Taylor failed to show that his trial counsel performed deficiently or that he was prejudiced on any ground.

On March 18, 2019—twelve days after the District Court adopted the R&R—Taylor moved for reconsideration under Federal Rule of Civil Procedure 59(e) asserting manifest errors based on *Clisby v. Jones*. 960 F.2d 925, 936 (11th Cir. 1992) (en banc) (instructing "district courts to resolve all claims for relief raised in a petition for writ of habeas corpus"). Specifically, Taylor asserted that the following claims were unaddressed by the R&R and the District Court: 1) his trial counsel's "failure to file and raise issues on direct appeal"; 2) his counsel "knowingly committing perjury at sentencing hearing regarding movant being under the influence of drugs"; 3) his "drug induced guilty plea was unknowing or involuntary"; and 4) his trial counsel's "fail[ure] to set aside [his] guilty plea."

Three days after he filed the Rule 59(e) motion, on March 21, 2019, Taylor filed a Notice of Appeal for the denial of the § 2255 motion. Then, about two weeks later, on April 11, 2019—while

the appeal was pending—the District Court denied Taylor's Rule 59(e) motion. In the denial, the District Court explained that while a failure to address a claim could constitute error, none of Taylor's claims were unaddressed. The District Court found that Taylor had made no claim in his original § 2255 motion that his counsel committed perjury during sentencing. It also found that the R&R assessed whether Taylor's guilty plea was knowing and voluntary, finding no basis to withdraw it. Then, on April 22, 2019, Taylor amended his Notice of Appeal to include the denial of his Rule 59(e) motion from eleven days earlier. That appeal was assigned docket number 19-11082 in this Court.

On September 19, 2019, while the appeal was pending, Taylor filed his first motion pursuant to Federal Rule of Civil Procedure 60(b), asserting several of the same issues raised in his Rule 59(e) motion and adding a few others. But, on November 8, 2019, before the District Court ruled on Taylor's Rule 60(b) motion, this Court issued a limited remand in No. 19-11082—Taylor's appeal. The limited remand directed the District Court, in the first instance, to consider whether a certificate of appealability ("COA") was appropriate for Taylor's original § 2255 motion and the ensuing Rule 59(e) motion. D.E. 174 ("Because the district court did not rule on a COA with respect to its denial of Taylor's Rule 59(e) motion, this case is hereby REMANDED on a limited basis so that the district court may consider whether a COA is appropriate.").[2]

---

[2] Any docket entries marked as D.E. refer to the District Court docket in *United States v. Taylor*, No. 14-cr-00217-TCB-AJB (N.D. Ga. 2014).

Despite the limited nature of the remand, Taylor saw it as an opportunity to file a raft of motions, including motions to Appoint Counsel; to Compel Performance of the Plea Agreement; to Modify Restitution Order Pursuant to 18 U.S.C. § 3664(k); to Modify Conditions of Release; to Supplement and Amend the original § 2255 motion; for an Indicative Ruling on His Rule 60(b)(3) Motion; and to Reopen the Judgment in His Habeas Proceedings in Light of Newly Discovered Evidence Concerning the Government's Negligent Misrepresentations to the Court Pursuant to Rule Fed. R. Civ. P. 60(b)(3). Taylor filed these seven motions between November 29, 2019, and January 3, 2020.

In Taylor's motion to modify the conditions of his supervised release, liberally construed, he challenged three conditions of supervised release: that he support his dependents and meet family responsibilities, work regularly at a lawful occupation, and notify third parties of risks that may be occasioned by his criminal record or personal history or characteristics. Taylor's motion sought to remove these conditions. He also argued that these conditions were unconstitutional and that when his term of supervised release was considered, his sentence exceeded the statutory maximum.

On January 14, 2020, this Court sent a notice of inquiry to the District Court regarding the determination of the COA under the limited remand for No. 19-11082. Three days later, on January 17, 2020, the District Court denied Taylor's first Rule 60(b) Motion (the one filed before the limited remand), explaining that "[b]ecause this Court has already determined that the Magistrate

Judge addressed all of the claims Defendant raised in his § 2255 motion, his Rule 60(b) motion, [Doc. 172], is DENIED." That same day, the District Court denied Taylor's Motion to Appoint Counsel and declined to grant Taylor a COA under the limited remand "because Taylor has failed to make a substantial showing of the denial of a constitutional right." In a footnote, the District Court added that "[t]o the extent Taylor contends that the Court erred in not addressing each of his objections to the R&R, he is incorrect." *Id.* The District Court explained that its analysis was sufficient because it had reviewed the Magistrate Judge's order de novo and could choose not to expound upon the Magistrate Judge's well-reasoned and thorough recommendations.

A week later, on January 21, 2020, Taylor filed several more motions, including a Motion for a Status Conference and a Motion for a Briefing Schedule. Then, on February 6, 2020, he once again sought to supplement his pending appeal, No. 19-11082, to include the denial of "all his pending motions," including his first Rule 60(b) motion; the denial of his motion to appoint counsel; and the denial of a COA for his Rule 59(e) motion.

The following month, on February 28, 2020, the District Court ordered the Government to respond to Taylor's Motion to Compel Performance of the Plea Agreement, which was one of the motions Taylor filed during the limited remand. That same day, the District Court issued an order denying several motions, including the motions to Modify Restitution Pursuant to 18 U.S.C. § 3664(k); Modify Conditions of Release; Supplement and Amend

the original § 2255 motion; and Reopen the Judgment in His Habeas Proceedings in Light of Newly Discovered Evidence Concerning the Government's Negligent Misrepresentations to the Court Pursuant to Rule Fed. R. Civ. P. 60(b)(3).  The order also denied as moot Taylor's motions for an Indicative Ruling on His Rule 60(b)(3) Motion; for a Status Conference; and for a Briefing Schedule.

In that omnibus order, the District Court first denied the Motion to Modify Restitution because it found Taylor's claims were meritless.  It then denied the Motion to Modify Conditions of Supervised Release because "relief under [18 U.S.C.] § 3583(e)(2) is available only for procedural challenges to a condition of supervised release [and] Taylor challenges the legality of the conditions."  Finally, the District Court jointly analyzed the motion to supplement and amend, motion for an indicative ruling pursuant to Rule 60(b)(3), and motion to reopen in light of new evidence, as the "Motions to Reopen/Supplement/Amend § 2255 Motion."  It did so because all three motions concerned files that Taylor received from his attorney after the District Court ruled on the original § 2255 motion.  According to Taylor, these files showed that his trial counsel received a plea offer that he did not communicate to Taylor and that the Government made material misrepresentations at his sentencing hearing.  The District Court found that it did not have jurisdiction to entertain these motions because Taylor had not "obtained prior authorization from the Eleventh Circuit to

10                    Opinion of the Court                    20-11238

file a second or successive motion as required by 28 U.S.C. §§ 2255(h) and 2244(b)."[3]

Subsequently, Taylor filed a fourth Notice of Appeal regarding the denial of two of the motions the District Court had determined were second or successive—the motion to supplement and amend and the motion for an indicative ruling under Rule 60(b)(3)). Taylor titled these his § 2255 motion and his Rule 60(b) motion. Unlike the second and third notices, Taylor did not title this Notice of Appeal as an amendment, though he did include the docket number for his existing appeal, No. 19-11082. Thus, this fourth Notice was given a new docket number—20-11238—and forms the basis of this appeal.[4] We appointed counsel to represent Taylor in this appeal.

_____

[3] The District Court alternatively ruled that it did not have jurisdiction to entertain these motions because the filing of the notice of appeal "divested [it] of jurisdiction 'over the aspects of the case involved in the appeal.'" D.E. 193 at 9 (quoting *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013)).

[4] Taylor's parallel appeal continued apace. This Court docketed the District Court's denial of the COA on February 18, 2020, which promptly inspired Taylor to file another motion for a COA regarding the denial of his Rule 59(e) motion and his first Rule 60(b) motion. Motion for Certificate of Appealability, *Taylor v. United States*, No. 19-11082 (filed Mar. 2, 2020), Dkt. No. 39. On June 15, 2020, this Court denied Taylor's original Motion for a COA (the one which spawned the limited remand), which mooted all pending motions. Order on Motion for Certificate of Appealability, *id.*, Dkt. No. 41. Then on June 26, 2020, Taylor filed a Request for Clarification, *id.* at Dkt. No. 46, and on June 29, 2020, he filed a Motion for Reconsideration, *id.* at Dkt. No. 45, both of which this Court denied on July 10, 2020, because Taylor "offered no new

20-11238                Opinion of the Court                11

## II.

A district court's determination that a prisoner's filing is a second or successive § 2255 motion is reviewed de novo. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). Questions about the district court's jurisdiction are reviewed de novo. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). But a district court's denial of a motion for leave to amend a § 2255 motion under Federal Rule of Civil Procedure 15(a) is reviewed for abuse of discretion. *See Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000). And this Court reviews the denial of a motion for modification of supervised release for abuse of discretion as well. *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

## III.

In this appeal, Taylor presents two questions: 1) whether the District Court erred by dismissing his motions to reopen, supplement, and amend his original § 2255 motion, which was then on appeal, as unauthorized second or successive motions; and 2) whether the District Court erred in dismissing Taylor's motion to modify his conditions of supervised release.[5] We address each issue in turn.

---

evidence or arguments of merit to warrant relief." Order on Motion for Reconsideration, *id.*, Dkt. No. 47. That ended Taylor's parallel appeal.

[5] This appeal was held in abeyance pending the United States Supreme Court's decision in *Rivers v. Guerrero*, Case No. 23-1345. Order, *United States v. Taylor*, No. 20-11238 (Feb. 24, 2025), Dkt. No. 59. On June 12, 2025, the Supreme

A.

We begin with Taylor's challenge to the District Court's decision dismissing his motions to reopen, supplement, and amend his original § 2255 motion. We consider whether the District Court erred in dismissing these motions because they were unauthorized second or successive motions or because the notice of appeal deprived the District Court of subject matter jurisdiction.

There have been significant developments in this area of law since Taylor filed his appeal. Previously, there was a circuit split regarding how to characterize a prisoner's second-in-time habeas filing for purposes of 28 U.S.C. § 2244(b) when it is filed while the prisoner's appeal of the judgment of his first habeas filing is pending. *Compare Balbuena v. Sullivan*, 980 F.3d 619, 641–42 (9th Cir. 2020), *Phillips v. United States*, 668 F.3d 433, 435–36 (7th Cir. 2012), *Ochoa v. Sirmons*, 485 F.3d 538, 540–41 (10th Cir. 2007) (per curiam), *and Williams v. Norris*, 461 F.3d 999, 1003–04 (8th Cir. 2006), *with Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005), *and United States v. Santarelli*, 929 F.3d 95, 105 (3d Cir. 2019).

In *Boyd v. Secretary, Department of Corrections*, this Court addressed "whether a habeas petitioner can seek leave to amend his petition while an appeal from a final judgment is pending, or whether such a motion is instead properly characterized as a second or successive habeas corpus petition." 114 F.4th 1232, 1236

Court issued its opinion, 605 U.S. 443. As a result, this appeal is now ripe for adjudication.

(11th Cir. 2024), *cert. denied sub nom.*, *Boyd v. Dixon*, No. 24-6486, 2025 WL 1727417 (U.S. June 23, 2025).

In *Boyd*, the defendant filed a motion under Federal Rule of Civil Procedure 15(a)(2), or in the alternative, to reopen his habeas proceedings under Rule 60(b)(6), roughly two years after the district court granted him a COA and while his appeal was still pending. *Id.* at 1235. Boyd contended the amendment was allowed because his appeal was still pending, but the district court disagreed. It determined that the motion was properly characterized as second or successive. Consequently, the district court could not entertain the motion without preauthorization pursuant to § 2244(b)(3), which requires an applicant to move in the Court of Appeals for an order authorizing a district court to review a second or successive habeas application. *Id.* at 1235–36.

In analyzing Boyd's argument, this Court explained that while a prisoner always gets one chance to bring a federal habeas challenge to his conviction, "he almost never gets another." *Id.* at 1236. In determining that Boyd's motion was properly characterized as a second or successive habeas corpus petition, the Court made two points. First, the Court explained that "a district court has no jurisdiction to grant a motion to amend a pleading that is no longer pending before it," and that "once the court has entered final judgment, Rule 15(a) no longer applies and no amendment is possible unless the judgment is first set aside." *Id.* at 1237. Second, the Court clarified that Boyd could not proceed with his amendment as a separate action because his claims were not based on either "'a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' or newly discovered clear and convincing evidence establishing his factual innocence of the underlying crime." *Id.* at 1239 (quoting § 2244(b)(1)–(3)). The Court thus affirmed the district court's determination that Boyd's motion was properly viewed as second or successive. Accordingly, Boyd could not proceed without authorization under the guidelines of § 2244, which he could not satisfy. *Id.*

The concurrence added that "this rigorous standard does not apply to a motion to amend a habeas petition when, upon remand, the motion is filed in the district court." *Id.* at 1240 (J. Pryor, J., concurring). "[I]f, on appeal from the denial or dismissal of the initial petition, the petitioner succeeded in obtaining vacatur of the district court's ruling and remand to the district court," then "on remand there would no longer be a final judgment." *Id.* (first citing *McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1367 (11th Cir. 2021) (explaining that a vacated or reversed decision is "officially gone" and "has no legal effect whatever" (internal quotation marks omitted)); then citing *Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982) (stating that "no final judgment on the merits exist[ed]" after the appellate court vacated it)). Thus, "if the petitioner wanted to amend his petition on remand, he would not need to file an application seeking authorization from this Court under § 2244(b)(2)." *Id.*

While *Boyd* made its way through the halls of this Court, a notably similar case was traversing the corridors of the Fifth Circuit

20-11238               Opinion of the Court                15

and then of the Supreme Court. *See Rivers v. Guerrero*, 605 U.S. 443 (2025). While Rivers's appeal of the denial of his § 2254 petition was pending in the Fifth Circuit, he requested to supplement the Fifth Circuit's appellate record with new evidence, which the Fifth Circuit denied. *Id.* at 448. Then, Rivers asked the Fifth Circuit to either stay the appeal or remand the case to the district court to allow him to present the new evidence in the first instance, which the Fifth Circuit also denied. *Id.* The Fifth Circuit ultimately affirmed the district court's denial of Rivers's § 2254 petition on the merits. *Id.*

After the Fifth Circuit denied Rivers's request to supplement the record, he filed another § 2254 petition with the district court asserting that the new filing should be construed as an amendment to his initial habeas petition. *Id.* Even though Rivers's appeal of the denial of the initial habeas petition was still pending, the district court concluded that the second-in-time filing was a second or successive habeas petition subject to § 2244(b)(2) and transferred it to the Fifth Circuit pursuant to § 2244's gatekeeping requirements. *Id.* The Fifth Circuit affirmed, explaining that "the timing of Rivers's second-in-time petition d[id] not permit him to circumvent the requirements for filing successive petitions under § 2244." *Id.* at 449 (citation modified). The Fifth Circuit also stated that "the District Court could have treated the second-in-time filing as a request to amend under Federal Rule of Civil Procedure 15 if the judgment relating to Rivers's first petition had been vacated on appeal and the case reopened in the District Court." *Id.*

The Supreme Court then granted certiorari to resolve the circuit split entrenched by the Fifth Circuit's *Rivers* decision: Does a second-in-time habeas filing submitted when an appeal of a judgment denying the first habeas filing is pending qualify as second or successive, thereby triggering § 2244(b)'s stringent gatekeeping requirements? *Id.* at 446.

The Supreme Court began by summarizing the guiding principles of habeas filings, stressing that "[t]hese rules apply to second-in-time habeas filings even if the filing is not styled as a § 2254 habeas application by the filer—so long as the document is a § 2254 petition in substance." *Id.* at 450–51. The Court reaffirmed that second or successive is a "term of art" that "applies only to 'claim[s]' that have been presented in subsequently filed 'applications.'" *Id.* at 452 (quoting *Banister v. Davis*, 590 U.S. 504, 511 (2020), and § 2244(b)(2)). "A 'claim,' as that term is used in § 2244(b), is 'an asserted federal basis for relief' from the judgment of conviction. And an 'application' is 'a filing that seeks an adjudication' of one of those claims 'on the merits.'" *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)).

The second-or-successive inquiry often arises in the form of a post-judgment motion, as in the instant case. Rivers, however, had filed an entirely new § 2254 petition while his original appeal was pending. He argued that *timing* was the most important consideration in determining whether a filing is second or successive. Rivers highlighted the pendency of his appeal as an opening for supplementing the record as part of his "'one fair opportunity' to

litigate the merits of [his] postconviction claims in federal court." *Id*. at 450 (quoting *Banister*, 590 U.S. at 507). But the Court rejected a rule based on timing, concluding "instead that it is the final judgment related to the initial habeas filing that matters" and that "[o]nce the judgment has been entered with respect to the initial habeas petition, a second-in-time filing that makes new habeas claims generally qualifies as a second or successive petition for § 2244(b) purposes." *Id*. at 456–57.

In reaching this conclusion, the Court distinguished motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), which "present a unique variant to the otherwise generally applicable rule that entry of final judgment separates first from second or successive habeas filings," and must be filed within twenty-eight days. *Id*. at 454. This is so because Rule 59(e) "suspends finality of the original judgment" and constitutes "a limited continuation of the original proceeding," the disposition of which merges into "a single final judgment for appeal." *Id*. (quoting *Banister*, 590 U.S. at 515–16, 521). Given the "attendant" nature of Rule 59(e) motions, they are not second or successive, and thus easily distinguishable from Rule 60(b) motions, "which seek[] to challenge an extant judgment." *Id*.

The Court also addressed Rivers's argument that a motion under Federal Rule of Civil Procedure 15 is, by its nature, not second or successive as it seeks only to amend. But the Court explained that "[t]he District Court could not have granted Rivers's Rule 15 motion to amend . . . while his habeas claims were being

considered on appeal, since jurisdiction had shifted to the Court of Appeals." *Id.* at 458. Though Rivers recognized this jurisdictional shift and argued that the district court could have issued an indicative ruling under Rule 62.1, he never asked for such a ruling and did not argue that the district court abused its discretion by failing to do so *sua sponte*. Thus, noting the Fifth Circuit had denied Rivers's motion to remand to the district court, the Court declined to address his Rule 15 argument.

Accordingly, *Rivers* now sets out a clear rule: "A second-in-time § 2254 petition generally qualifies as a second or successive application, triggering the requirements of § 2244(b), when an earlier filed petition has been decided on the merits and a judgment exists." *Id.* at 459. This rule guides our analysis here.[6]

With this understanding of *Rivers* in mind, we consider whether the District Court erred in dismissing Taylor's motions to reopen, supplement, and amend his original § 2255 motion because they were unauthorized second or successive motions or because the notice of appeal deprived the District Court of subject matter jurisdiction. The District Court did not err on either ground.

---

[6] It's true that while *Rivers* involved the question of whether a state prisoner's filing qualified as a second or successive habeas petition under § 2244(b), this case raises the question of whether Taylor's filings qualified as second or successive § 2255 motions. But this distinction has no effect on our analysis. Congress has directed that a "second or successive" motion under § 2255 "must be certified as provided in section 2244." 28 U.S.C. § 2255(h).

Taylor's later-filed motions were unauthorized second or successive motions *and* the District Court was deprived of jurisdiction at the time the motions were filed. In adopting the R&R after de novo review, the District Court provided a merits judgment that analyzed all the claims Taylor presented in his original § 2255 motion. And the substance of his subsequent motions attempted to advance new habeas claims. *See Rivers*, 605 U.S. at 457.

Specifically, in his first Rule 60(b) motion, Taylor asserted the same claims made in his Rule 59(e) motion and added several new claims. Then, in his "Motions to Reopen/Supplement/Amend § 2255 Motion," Taylor asserted the attached files showed that his trial counsel received a plea offer that he did not communicate to Taylor, and that the Government made material misrepresentations at his sentencing hearing. Taylor consistently attempted to add claims challenging the judgment that authorized his confinement in his later-filed motions. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010) ("A § 2254 petitioner is applying for something: His petition 'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement.'" (emphasis in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005))).

As for jurisdiction, many of Taylor's relevant motions came after he filed a Notice of Appeal (and an amended Notice of Appeal), which divested the District Court of jurisdiction. *Boyd*, 114 F.4th at 1238 (noting "an appeal divests the district court of its control over those aspects of the case involved in the appeal" (citation modified)). That said, his "Motions to

Reopen/Supplement/Amend § 2255 Motion" were filed during the brief period in which this Court had issued a limited remand for the District Court to address the need for a COA. It appears that, in filing a raft of motions during this period, Taylor was attempting to hijack the limited remand to amend or supplement his original appeal. But a limited remand does not allow for amendment or supplementation of a § 2255 petition where the stated purpose of the limited remand is only to allow the district court to rule on whether to issue a COA.

Limited remand does not alter the jurisdictional rules regarding second or successive filings laid out in *Rivers*. Only a Rule 59 motion suspends finality, and none of the motions Taylor filed during the limited remand were or could have been Rule 59 motions. That the District Court had limited jurisdiction to rule on the COA did not expand its jurisdiction to consider any additional motions or issues. As such, Taylor's attempts to argue that his later-filed motions were not unauthorized second or successive filings are unavailing as the District Court was without jurisdiction.

Lastly, we consider *Rivers*'s guidance on Rule 15 motions. In a footnote, the Court explained that "[a]lthough we hold today that an application is second or successive under § 2244(b) if a judgment on the merits has issued as to a first-in-time petition even if the case remains pending on appeal, we neither decide nor comment on whether the classification of a second-in-time petition must occur while the appeal is pending." 605 U.S. at 457 n.5. The Court elaborated: "That is, we take no position on whether, in a case where

the facts support doing so, a subsequent filing can be held in abeyance until the first-in-time appeal has concluded, as is the common practice in some Circuits." *Id.* (citing *Santarelli*, 929 F.3d at 105–06); *see also Boyd*, 114 F.4th at 1237 (explaining that, under Rule 15, "no amendment is possible unless the judgment is first set aside").

Here, Taylor titled the primary motion he filed as a Motion to Supplement and Amend the original § 2255 motion. Construed liberally, as required with *pro se* filings, this motion could have been brought pursuant to Rule 60 or Rule 15. In his arguments before this Court, Taylor does not distinguish or clarify which road he intended to travel. But if we construe Taylor's motion as one filed pursuant to Rule 60, then it is clearly second or successive because *Rivers* instructs that a final judgment both bars a district court from considering additional filings *and* divests it of jurisdiction to do so.

Conversely, if we construe the motion as a Rule 15 motion, as is equally plausible given both the title and the substance of the pleading, then a district court could elect one of two options under *Rivers*. It could either classify the motion as second or successive given its denial of the original § 2255 motion on appeal—a final judgment barring further consideration—or hold the motion in abeyance if the facts support doing so. Here, the District Court acted within its discretion when it treated the motion as second or successive.[7]

---

[7] If the District Court instead had held the motion in abeyance, it would have been in a position to deny the motion as an unauthorized second or successive

The District Court plainly had discretion not to hold Taylor's motions in abeyance until his first appeal was resolved. The District Court reasonably could have concluded that it would be inefficient to wait to decide whether his motions were second or successive because this approach could allow Taylor to "file any number of new applications raising new claims during the pendency of appeal or certiorari review, thereby prolonging the case seemingly indefinitely," and "promot[ing] inefficiency by encouraging piecemeal litigation." *Rivers*, 605 U.S. at 455. This case exemplifies why a district court might want to foreclose such tactics, as the record shows that Taylor was simultaneously filing motions regarding the same issues in the District Court and this Court. Given that the District Court entered its judgment on March 6, 2019, any later-filed motions—except for timely-filed Rule 59 motions that suspend finality—were correctly deemed second or successive and required authorization from this Court under § 2244(b). And Taylor's opportunistic attempts to leverage the limited remand to tack on more claims to the pending appeal of his original § 2255 motion are foreclosed. The District Court was divested of jurisdiction the moment Taylor filed his Notice of Appeal and this Court's limited remand vested jurisdiction back in the

_____

motion upon this Court's affirmance of the District Court's denial of the original § 2255 motion. *See Boyd*, 114 F.4th at 1240 (J. Pryor, J., concurring) ("[O]n remand the district court would apply Rule 15's standard to determine whether to grant the petitioner leave to amend his petition.").

District Court only as to the question of the COA—nothing more, nothing less.[8]

### B.

Next, we turn to Taylor's second issue on appeal: Whether the District Court abused its discretion in denying his motion to modify the conditions of his supervised release by challenging their legality and constitutionality via a motion under 18 U.S.C. § 3583(e)(2).

Section 3583(e) addresses when a district court can modify a defendant's conditions of supervised release. It provides, among other things, that a court "after considering" certain § 3553(a) factors may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *Id.* § 3583(e)(2).

We previously addressed the scope of a court's authority under this provision. *See Cordero*, 7 F.4th at 1070. We explained that this provision addresses the "factors a court should consider in determining whether to modify or terminate a condition of supervised release." *Id.* But we have recognized that a defendant cannot raise in a § 3583(e) motion issues "concerning the legality or

---

[8] Because we find that Taylor's motions were unauthorized and second or successive, we do not reach his fourth and fifth arguments on appeal. Appellant's Br. at 26–29 (arguing that under *Clisby*, remand is required so that the district court can consider each of Taylor's claims on the merits, and that under *Whab*, remand is appropriate regardless of this Court's ruling on Taylor's initial request for a COA).

constitutionality" of his sentence because those issues must be raised only on "direct appeal" or in a "§ 2255 motion to vacate sentence." *Id.*

We agree with the District Court that to the extent Taylor was challenging his conditions of supervised release as illegal or unconstitutional, under *Cordero*, these challenges were not properly before the District Court in Taylor's § 3583(e) motion. *See id.*

Taylor argues that the District Court was not bound by *Cordero* because "*Cordero*'s statement on this issue is both non-binding and incorrect, but if the Court concludes otherwise the issue should be heard by the en banc Court." Appellant's Br. at 35. But the § 3583(e)(2) analysis in *Cordero* was an alternative holding and "in this circuit additional or alternative holdings are not dicta, but instead are as binding as solitary holdings." *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008). *Cordero* made clear that challenges to the legality or constitutionality of supervised release conditions cannot be brought in a § 3583(e)(2) motion. *See* 7 F.4th at 1070 ("Simply put, § 3583(e)(2) is not a vehicle to collaterally attack the legality of a defendant's sentence. Rather, § 3582(e) sets forth the factors a court should consider in determining whether to modify or terminate a condition of supervised release and illegality or constitutionality is not one of them."). Accordingly, the District Court was correct in concluding that Taylor's § 3583(e)(2) motion could not substantively challenge the legality of the conditions of his supervised release.

Taylor also asserts that the District Court should have construed his motion as a § 2255 motion rather than denying it outright because § 3583(e)(2) was an improper vehicle. But we cannot say that the District Court erred in failing to do so. As we explained above, such a § 2255 motion would now be considered second or successive and would require prior authorization from this Court to proceed.

Although § 3583(e)(2) does not permit a district court to consider illegality or constitutional challenges to a condition of supervised release, it does broadly permit a defendant to seek to modify his conditions of supervised release. And when a defendant files a motion for a modification, the district court must consider the § 3553(a) factors. The relevant § 3553(a) factors are: 1) the nature and circumstances of the offense; 2) the defendant's history and characteristics; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; 6) the applicable guideline range; 7) any pertinent policy statements set forth by the Sentencing Commission; 8) the need to avoid unwarranted sentencing disparities; and 9) the need to provide restitution. *See* 18 U.S.C. § 3583(e) (cross-referencing § 3553(a)(1), (2)(B)–(D), (4)–(7)).

On appeal, Taylor argues that the District Court erred in denying his motion to modify the terms of his supervised release without considering the § 3553(a) factors. We agree. Taylor emphasizes that one of the factors is "any pertinent policy statements

set forth by the Sentencing Commission," and such policy statements were the focus of his motion. Even though he sought a modification based on at least one relevant § 3553(a) factor, the District Court did not order or allow for the Government to respond to Taylor's motion. And in its order denying the motion, the District Court never mentioned any of the § 3553(a) factors. We find nothing in the District Court's order that would allow us to conclude it meaningfully considered Taylor's argument that the conditions of his supervised release should be modified based on clarifying amendments to the United States Sentencing Guidelines. *See United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (explaining that a district court "need not 'articulate the applicability of each factor,' but the record must show 'that the pertinent factors were taken into account'" and that "there must be enough, in the record or the court's order, to allow for meaningful appellate review of its decision" (quoting *United States v. Douglas*, 576 F.3d 1216, 1219, 1220 (11th Cir. 2009))). We thus vacate the denial of Taylor's motion and remand to the District Court to evaluate the § 3553(a) factors.

## IV.

Accordingly, for the reasons stated, the judgment of the District Court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.